HELTZEL STEEL FORM & IRON COMPANY *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND.

Opinion delivered April 27, 1925.

HIGHWAY—LIABILITY OF SURETY ON CONTRACTOR'S BOND.—One who sells tools, implements and appliances for use in constructing a road is not entitled to recover on the contractor's bond given under Crawford & Moses' Dig., § 5446, to indemnify persons supplying labor and materials used in the prosecution of the work.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*John M. Rose,* for appellant.

*Horace Chamberlin,* for appellee.

SMITH, J.    This is a suit to recover the purchase price of material furnished by appellant to Machen & Thompson, road contractors, in the construction of roads in Improvement District No. 10 of Pulaski County, Arkansas.    The construction contract was let by the improvement district to the Standard Paving Company, which sublet certain portions of the roads to Machen & Thompson.    The Fidelity & Deposit Company of Maryland, appellee herein, executed bonds, pursuant to the statute under which the improvement district was organized, requiring the contractor to give bond.    Machen & Thompson were adjudged bankrupts, and this suit is against appellee as surety on the contractor's bond, guaranteeing the payment of all bills for labor and material on said work.

A demurrer was filed to the complaint, which was sustained, and, as the plaintiff elected to stand on the complaint, it was dismissed, and this appeal raises the question of the sufficiency of the complaint against appellee as surety on the bond of the road contractors.

The material allegations of the complaint are as follows: "Plaintiff further states that the goods and material supplied by it to the contractors aforesaid consist of rigid steel road rails, angle-face rails, patented pedestals, flat stakes and stake pullers. That none of said material actually entered into said road so as to become a component part thereof, but that all of it was used in each and all of the aforesaid sections of said road, and that each and all of said bonds render the bond company liable for payment thereof. That the material aforesaid was used in the construction of concrete bridges, culverts, and the like, and became greatly worn and depreciated by said use; and that the aforesaid material furnished by plaintiff is practically worthless by reason of the use aforesaid."

The question presented on this appeal is one which we have frequently and recently considered. These cases are cited in the recent opinion in the case of *Pierce Oil Corporation* v. *Parker,* 400, and what was there said is decisive of this appeal.

That case, like this, was based on § 5446, C. & M. Digest, which provides that contractors shall be required to give bond for the faithful performance of construction contracts awarded them, and that such contractors shall promptly make payment to all persons supplying labor or material in the prosecution of the work contemplated by such contract.

In that case Parker, the contractor, executed the bond required by law in the performance of his contract, and a subcontract was let to Stephens to haul all of the crushed stone to be used in the construction of the road. Stephens hauled a large amount of stone, which was used

in the·construction of the road, in motor trucks, and bought from the plaintiff in the case the oil and gasoline which was used in operating the trucks. Stephens failed to pay, and plaintiff brought suit against the contractor and the road improvement district for the price of the oil and gasoline which had been furnished Stephens. The court below directed a verdict in favor of the defendant, from which the plaintiff appealed.

Our opinion in that case recognized the sharp division in the authorities as to the line of demarcation between liability and nonliability for materials furnished in the construction of such improvements. After pointing out that certain courts had held that, under similar statutes requiring contractors of public works to furnish bonds to pay for materials or supplies furnished, recovery may be had on the bond for gasoline used in trucks to haul gravel, etc., for road construction, we cited cases holding to the contrary, and adopted their reasoning as declaring the true rule of liability under such bonds.

After stating that all the cases had held that there was a lien for dynamite employed directly to the earth which had to be removed, because it was an essential part of the construction to break up the earth, and the dynamite used for that purpose entered primarily in the construction of the improvement, we said that fuel used for portable engines and machinery used in the construction work are merely an incident in the operation of the machinery and partake of the same characteristics as it does, and that the item of fuel is one step further removed from the actual work of construction, and did not have any immediate connection with the structure at any time. We said further: "Courts must stop somewhere in the construction of these statutes. Otherwise, repairs on the machinery used in the construction of the improvement and the diminished value of the machinery and tools used in such construction will be deemed to be lienable claims. If matters which are only remotely con-

nected with the construction of the public improvement should be held to be lienable, the protection of the bond to the class intended by the statute would be greatly impaired'' (citing cases).

The material here furnished and sued for no doubt performed an essential service, but this material must be regarded and treated as any other essential tool, implement or appliance would be which was used in the construction of the improvement. These tools, implements and appliances may be essential in the construction of the improvement, but they do not enter into it, and form no part of the completed improvement, and, under the line which we drew in the recent case from which we have quoted, the plaintiff was given no cause of action by the statute on the bond of the contractors, and the demurrer to the complaint was therefore properly sustained, and the judgment of the court below is therefore affirmed.