SOUTHERN SURETY COMPANY v. SIMON.

Opinion delivered February 14, 1927.

1. HIGHWAYS—SUIT ON CONTRACTOR'S BOND.—A complaint alleging that one of two defendants contracted with the county to build a highway and to pay for all labor performed and material furnished in constructing it, and to give bond therefor, and alleging that the other defendant became surety in the bond and liable for coal furnished to the contractor, and alleging that the contractor turned over to the surety all of its assets, the surety to discharge all debts incurred by the contractor in constructing the highway, held to base liability of the surety on the bond given by it under Crawford & Moses' Dig., §§ 6913, 6914.

2. HIGHWAYS—LIABILITY ON CONTRACTOR'S BOND.—A materialman's claim for coal furnished to a highway contractor and used in running a steam shovel to load shale on trucks for the purpose of hauling it out on the roadbed held not within the protection of the bond for payment by the contractor for labor and materials furnished in constructing the highway, under Crawford & Moses', Dig., §§ 6913, 6914.

3. HIGHWAYS—CONTRACTOR'S BOND—LIMITATION.—Suit on a highway contractor's bond for payment of claims of laborers and materialmen, brought eight months after the work was completed and accepted by the county, was barred by limitation, under Crawford & Moses' Dig., § 6914.

4. HIGHWAYS—LIABILITY OF CONTRACTOR'S SURETY.—Evidence held insufficient to go to the jury in suit by materialman against surety of the county highway contractor on the ground that the surety took over all of the contractor's assets and assumed its liabilities.

Appeal from Sebastian Circuit Court, Fort Smith District; John E. Tatum, Judge; reversed.

James B. McDonough, for appellant.

Webb Covington, for appellees.

HUMPHREYS, J. This suit was instituted by appellees against the Otto V. Martin Construction Company and appellant, in the municipal court of Fort Smith, to recover $192.10 for coal sold and delivered by them to said construction company and used by it in preparing materials for constructing a highway from Fort Smith to Greenwood, in Sebastian County. A judgment was obtained in the municipal court in favor of appellees herein, from which an appeal was prosecuted to the cir-

cuit court of Sebastian County, Fort Smith District, where, upon trial *de novo,* appellees again obtained a judgment for the full amount claimed, from which the Southern Surety Company has duly prosecuted an appeal to this court.

The gist of the complaint was that the Otto V. Martin Construction Company entered into a contract with Sebastian County to build a highway from Fort Smith to Greenwood according to certain plans and specifications, agreeing to pay for all labor performed and materials furnished in constructing same, and to furnish a satisfactory bond for the faithful performance of the contract and the payment of said labor and material; that appellant herein became a surety upon the bond and liable thereunder for coal of the value of $192.10 delivered to the Otto V. Martin Construction Company for use in working upon the highway, for which they were not paid; that the bond contained the following paragraph:

"In case of default on the part of the principal, the surety shall have the right, if it so desires, to assume and complete or procure the completion of said contract; and, in case of such default, the surety shall be subrogated and entitled to all the rights and property of the principal arising out of the said contract and otherwise, including all securities and indemnities theretofore received by the obligee and all deferred payments, retained percentages and credits due to the principal at the time of such default or to become due thereafter by the terms and dates of the contract."

That, after receiving the coal, the Otto V. Martin Construction Company turned over to appellant herein all its assets of every kind and description, the latter to pay off and discharge all the debts incurred by the former in the construction of the highway, including the pay for coal furnished by appellees herein.

The Southern Surety Company, appellant herein, admitted the execution of the surety bond, but controverted all the other material allegations in the complaint and any liability thereunder, and, as an additional

defense, pleaded that the suit upon the bond was barred under the statute for failing to bring suit thereon within six months after the completion of the road.

The facts in the case are undisputed. The alleged contract was entered into and a surety bond for the faithful performance thereof was executed by appellant herein under §§ 6913 and 6914 of Crawford & Moses' Digest. The coal was furnished by appellees to the construction company between August, 1923, and March, 1924, and was used by it in running a steam shovel to load the shale on trucks for the purpose of hauling same out on the roadbed. On January 10, 1924, the construction company breached its contract, and the appellant herein was notified by the county to take over the work and complete the road, which it did. As the work progressed it collected all money possible from the county, but received none that had been earned by the construction company before breaching the contract. It paid all debts which were liens upon the highway and turned the road over to the county on the first of August, 1924. It did not agree with the construction company or county to pay the debts incurred by the construction company when it took the highway over on June 10, 1924, to complete same. This suit was brought eight months after the work was completed and the county received the road.

We think the declaration was one upon the bond, and that no liability existed against appellant thereon, for two reasons. First, the claim for supplying coal was not within the protection of the bond; and second, the suit was barred for failure to bring it within six months after the improvement was completed.

(1). In construing language in a bond and statute given under § 5446, Crawford & Moses' Digest, similar to the language used in the instant case relative to the character of the claims covered, it was said, in the case of *Pierce Oil Company* v. *Parker*, 168 Ark. 400, 271 S. W. 24, that:

"We do not think that oil or other fuels used in operating motor trucks engaged in hauling stone for the construction of an improved highway can fairly and justly be said to be supplying materials to be used in the prosecution of the work. As above stated, oil so used is only incidental to the operation of the motor trucks, and can be no more considered materials used in the prosecution of the work than the motor trucks themselves or the repairs on them."

(2). The action of the bond was barred under § 6914 of Crawford & Moses' Digest at the time same was instituted. If the declaration could be interpreted as one of alleged liability on the ground that appellant took over all of the assets and assumed the liabilities of the construction company, the proof was insufficient to support such an allegation. The undisputed evidence revealed that appellant appropriated none of the assets of the construction company and made no independent agreement to pay the indebtedness of it. Appellant used some of the equipment of the construction company in finishing the highway, but returned it when the road was completed.

Under the undisputed proof the court should have directed a verdict for appellant.

On account of the error indicated the judgment is reversed, and the cause is dismissed.