GOODE *v.* ÆTNA CASUALTY & SURETY COMPANY.

Opinion delivered November 26, 1928.

*F. G. Taylor,* for appellant.

*John A. Sherrill,* for appellee.

SMITH, J. Appellant brought suit against certain persons doing business as Tolbert Bros. & Company and

the Ætna Casualty & Surety Company, and for his cause of action alleged "that the defendants, Tolbert Bros. & Company, are indebted to this plaintiff in the sum of $663.08 on account, which is for labor performed by laborers in the employ of said defendants, Tolbert Bros. & Company, which were assigned to plaintiff by said laborers and approved by said defendants, Tolbert Bros. & Company, except the sum of $128.13, which is for stock feed sold and delivered by plaintiff to Tolbert Bros. & Company, and which was used to feed the stock used by them under their contract with the Highway Commission of the State of Arkansas, hereinafter mentioned * * *."

The complaint further alleged that Tolbert Bros. & Company, as contractors, executed a bond, with the surety company as surety, to the State Highway Commission, conditioned that the said contractors should build the certain road covered by the contract, and should, among other things, "pay all bills for material and labor entering into the construction of said work or used in the course of performance of the work, and shall complete said work within the time specified in said contracts," etc.

A motion was filed to make the complaint more definite by requiring plaintiff to "file as an exhibit the original assignment alleged to have been obtained by plaintiff from said laborers, together with the approval of the defendants, Tolbert Bros. & Company."

In response to this motion, plaintiff amended his complaint to allege "that he has no assignment, and that there was no written assignment of said labor to him, but that he claims by agreement between said laborers and defendants, Tolbert Bros. & Company, the labor was paid for by this plaintiff, and that constitutes in law an assignment of the amount of labor so paid for by him."

These allegations, in connection with those of the amended complaint which the plaintiff later filed, state, in effect, that the plaintiff, who is a merchant, furnished supplies to the contractors' employees, at the request of the contractors and upon the understanding and with the

agreement that the contractors should pay for these supplies to the extent of the wages of the employees, and this agreement was alleged to constitute an assignment of the wages.

A demurrer to the complaint as amended was sustained as to the surety company, and, as the plaintiff refused to plead further against that defendant, the complaint was dismissed as to it, and this appeal is from that judgment.

It clearly appears that the bond executed by the contractors to the State Highway Commission covers the wages of the laborers employed in constructing the road, and these laborers had a cause of action to sue on the bond. But the plaintiff has only an account against these laborers for supplies furnished them in different amounts, and if it be said that the complaint sufficiently alleges an agreement on the part of the laborers to assign to plaintiff their causes of action against the surety company, it is answered that the alleged agreement was an oral one, and not evidenced by any writing.

In the case of *St. L. I. M. & S. Ry. Co.* v. *Camden Bank,* 47 Ark. 541, 1. S. W. 704, it was held that an open account is not an assignable instrument within the meaning of the statute, and a party to whom it is transferred cannot sue on it alone, but must make his assignor a party to the suit, this decision being based upon what is now § 1090, C. & M. Digest, which reads as follows: "Where the assignment of a thing in action is not authorized by statute, the assignor must be a party, as plaintiff or defendant." Plaintiff could not therefore sue upon the oral contract of assignment of the accounts without making the assignors parties.

The complaint alleges, however, a direct sale of stock feed, sold and delivered to the contractors, which was used to feed the stock employed by the contractors in the performance of the contract with the Highway Commission; but it is answered by the surety on the contractors' bond that it is liable only for the value of such material as actually entered into the construction of the road, and

that it is not liable for the value of feed furnished the stock which was used in the work on the road. This contention appears to be sustained by the following cases: *Pierce Oil Corporation* v. *Parker,* 168 Ark. 400, 271 S. W. 24; *Heltzel Steel Form & Iron Co.* v. *Fidelity Deposit Co. of Maryland,* 168 Ark. 728, 271 S. W. 325. See also *Southern Surety Co.* v. *Simon,* 172 Ark. 924, 299 S. W. 960. The surety is therefore not liable for the value of the feed.

From what we have said it appears that the court below properly sustained the demurrer to the complaint; but it is insisted that the surety company is liable for the amount of the accounts upon a written agreement to pay them after the accounts had been incurred and default had been made in their payment. If it be said that the complaint is sufficient to raise the issue that there was a supplemental agreement on the part of the surety company to pay plaintiff the accounts due them, it may be and is answered that no consideration for such a promise is alleged.

We conclude therefore that, upon a consideration of the whole case, the demurrer to the complaint was properly sustained, and the judgment is affirmed.