JOHNSON *v.* FLYNN.

Opinion delivered March 25, 1929.

*Price Shofner,* for appellant.

*Carmichael & Hendricks, Wallace Townsend* and *S. S. Jefferies,* for appellee.

SMITH, J.   W. H. Singleton entered into a contract with the commissioners of a street improvement district in the city of Little Rock to do certain construction, and, in order that he might be able to make the bond required, Henry Johnson, who had sold him the cement to be used on the job, wrote the Southern Surety Company, which later made the bond, advising that, if the bond were made, he would "not hold the Southern Surety

Company liable for anything he may owe us," and, "this release is given for the express purpose of inducing the Southern Surety Company to execute the above mentioned bond for W. H. Singleton."

As a further inducement to the surety company to execute the bond, C. M. Flynn, who was not interested in the enterprise except to aid Singleton in securing the contract, executed an indemnifying bond in favor of the surety company. To further aid Singleton in meeting his payroll and in securing the material until he had received an estimate on work done from the commissioners, Flynn indorsed Singleton's note at the bank for a thousand dollars. The bank took, as additional security for this loan, an assignment by Singleton of funds coming to him from the district under his construction contract, which assignment was in writing, and was duly accepted by the commissioners of the district. Flynn was compelled to pay the note to the bank, and when he did so he took over the assignment given the bank by Singleton. In addition to this, Flynn advanced Singleton $350 in cash. When the improvement had been completed, there was not due Singleton a sum sufficient to pay all persons who had made advances to him on his contract, and this litigation arose over questions of priority, the commissioners having paid into court the balance due on the contract.

Johnson claimed a priority by reason of the fact that he had sold the contractor material which entered into and was consumed by the construction of the improvement, predicating his claim upon an analogy to the mechanics' lien statute; while Flynn claims a priority by virtue of the assignment of the funds due the contractor. The other creditors deny that either Johnson or Flynn have any valid claim to priority, and they insist that all the creditors should share in proportion to their accounts in the distribution of the fund in court.

The court held that Flynn was entitled to first collect the thousand dollars assigned to the bank by Single-

ton, and that he and Johnson and all other creditors should share proportionately in the distribution of the balance, and this appeal is from that decree.

It appears to be conceded that Johnson was the only creditor whose account was for material which had entered into the construction of the improvement and for whose use an action might have been maintained on the bond of the surety company. *Pierce Oil Corporation* v. *Parker,* 168 Ark. 400, 271 S. W. 24; *Heltzel Steel Form Co.* v. *Fidelity & Deposit Co.,* 168 Ark. 728, 271 S. W. 325; *Southern Surety Co.* v. *Simon,* 172 Ark. 924, 290 S. W. 960; *Goode* v. *Ætna Casualty & Surety Co.,* 178 Ark. 451, 13 S. W. (2d) 6. It is therefore insisted that Johnson has a valid claim to priority. It is the contention of appellant, Johnson, that he has a statutory lien against the street improvement for the amount of the material furnished by him, but that he has no method of enforcing the lien, and that a court of equity should therefore impress this lien upon the fund in court, because he alone, of all the contractors, had a lienable claim, or one which could be enforced against the surety on the contractor's bond under the above cited cases.

If Johnson had a lien, it would be under § 6906, C. & M. Digest; but he has no lien. *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, 238 S. W. 615. He could have none, because his material entered into the construction of a public street, and it is because there can be no lien in such cases that § 6913, C. & M. Digest, was enacted, which requires the contractor who engages to construct public improvements to execute a bond conditioned to pay "all indebtedness for labor and material furnished in the construction of said public building, or in making said public improvements." Johnson might have maintained an action on the bond executed by the contractor, but he waived this right as an inducement to the surety company to make the bond. He has therefore no rights superior to any other creditor, and the court was correct in so holding.

We are also of the opinion that the court was correct in ordering the claim of the bank, which Flynn took by subrogation, to be first paid. Flynn was compelled to pay a note on which he was secondarily liable, and he is therefore subrogated to all the rights of the payee. *Briscol v. American Southern Trust Co.*, 176 Ark. 401, 4 S. W. (2d) 912. One of these was the right to collect the order given upon and accepted by the commissioners of the district for a thousand dollars before the other creditors had become creditors.

The decree of the court below appears to be correct, and it is therefore affirmed.