MARYLAND CASUALTY COMPANY *v.* PEOPLE'S LUMBER & SUPPLY COMPANY.

Opinion delivered May 12, 1930.

*Cockrill & Armistead* and *Harry T. Wooldridge,* for appellant.

*Poff & Smith,* for appellee.

SMITH, J. Appellee brought this suit to recover from J. T. Carr and the Maryland Casualty Company, hereinafter referred to as the company, the sum of $307.90, and interest, and for its cause of action alleged that Carr entered into a contract with the Arkansas Highway Commission to construct a certain road, and that the company signed the contractor's bond as surety, guaranteeing, among other things, that the said contractor would pay all bills for material and labor entering into the construction of the road.

It was alleged that Carr, the principal contractor, sublet to J. J. Harrison a portion of the work, and that pursuant to his subcontract Harrison hauled gravel, and that for each load of the gravel he was given, by a representative of the Highway Commission, a ticket evidencing the fact that a load of gravel had been placed in the road and the price payable therefor. To secure the money necessary to complete his subcontract, Harrison sold and delivered these tickets to appellee, whose representative presented them to Carr for payment, and when payment was refused this suit was brought. Harrison was made a party defendant, and he filed a separate answer and cross-complaint against Carr and the surety company, in which he admitted the allegations of appellee's complaint, and alleged that Carr had refused to make settlement and payments to him as his subcontract required, and that he had obtained advances from appellee. That Carr had instructed him to borrow money to continue the work and to pledge and assign his claim for labor done, and he transferred and assigned his claim to appellee in the sum sued for, which was due for hauling gravel and placing same upon the road, and, evidencing this intention, he delivered to appellee the tickets of the

checker showing the number of loads of gravel hauled with the price therefor, and he alleged that, "I authorize the said People's Lumber & Supply Company, in my name or its name, to sue for and collect and obtain payment of said claim."

A demurrer was filed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action for the following reasons: "(1) The assignment alleged to have been made by the defendant, J. J. Harrison, to the plaintiff herein, if any so made, was oral, and not evidenced by any writing. (2) The gravel tickets mentioned in said amended and substituted complaint are mere evidences of the amount of gravel hauled by the defendant, J. T. Carr, and represent neither money nor property, and are therefore not assignable, under § 475 of Crawford & Moses' Digest of the Statutes of Arkansas."

The demurrer was overruled, and, Carr and the company declining to plead further, a judgment was rendered against them, from which the company only has appealed.

It is insisted, for the reversal of the judgment appealed from, that the instant case is similar to and is controlled by the opinion in the case of *Goode* v. *Ætna Casualty & Surety Co.*, 178 Ark. 451, 13 S. W. (2d) 6, but we do not think so.

We do not consider or decide whether the gravel tickets were assignable instruments or not. They at least evidenced the quantity of gravel hauled, and the sum due on that account, and it was this sum—the total thereof —which Harrison assigned to appellee, and both the assignor and the assignee have sued. This is the controlling distinction between the instant case and the Goode case, which was a suit upon an oral assignment of an open account, which we said could not be maintained without making the assignor a party. Here the assignor is a party.

It is not questioned that Harrison's claim is covered by the bond of the surety company, and both the assignor and the assignee unite in the suit to enforce this claim against the bond. The case of *American Bank & Trust Co.* v. *Langston,* 180 Ark. 643, 22 S. W. (2d) 381, cited by appellant, has therefore no application.

The demurrer was properly overruled, and the judgment must be affirmed, and it is so ordered.