Detroit Fidelity & Surety Company *v.* Yaffe Iron & Metal Co., Inc.

Opinion delivered January 11, 1932.

*Ira D. Oglesby,* for appellant.

*Hill, Fitzhugh & Brizzolara,* for appellee.

Kirby, J.   This is an action by the appellee company against the contractor and the appellant company, surety on the contractor's bond for the construction of a part of State Highway No. 64, for the purchase price of some iron pipe and similar materials sold by appellee to the contractor and used in connection with the construction of the State Highway near Ozark in Franklin County.

The construction company had been awarded the contract by the State Highway Commission, and it ordered from the appellee the materials for the purchase price of which the suit was brought and used the same in connection with building the road.  The construction company gave bond with appellant company as surety as required by act 368 of 1929 for the use and benefit of all persons performing labor or furnishing materials for use in the construction of the road.

There is no dispute about the amount of the claim included in the original suit, it being admitted that the construction company bought the materials from appellee at the prices for which suit was brought and also the execution of the contractor's bond.  Suit was brought

within a few weeks after the completion of the contract, but the construction company moved from the State before summons could be served on it. While the suit was pending, appellee, in accordance with an agreement with the man in charge of the material, took back a part of the pipe giving the defendant proper credit thereon. This credit was given by an amendment to the pleadings.

Appellant claims that, after the work was completed, it took a bill of sale tfor all the pipe together with all other property owned by the construction company in the State, which was probably done for collateral security upon its obligation under the bond, since it is not claimed by the bonding company that the construction company was indebted to it for any amount other than the liability that might have been incurred on the bond, nor was it shown that the surety company had paid out any money for the construction company under its bond.

The appellant's answer admitted the correctness of the account, but denied liability on the ground that the material purchased was part of the construction company's equipment and not covered by the terms of the bond. Proof shows that the material, pipe, joints and things of this kind, was bought by the construction company for use on this particular work and job, and delivered by appellee at the site of the work. The construction company had been engaged in similar work for 10 years, but needed special size pipe for bringing water to its concrete mixer and wetting down the concrete after it had been laid. After the completion of the job the construction company moved all the equipment and material to Ozark, and stacked up this pipe, for the value of which suit is brought, on a lot separate from all its other pipe and major equipment. Appellee, having a demand for pipe of the kind, sent its representative to Ozark to get the construction company to turn back part of the pipe and take credit on its account therefor. The man in charge of the pipe said it was all right to do this, and turned over to appellee about 2,700 feet of the pipe, for which credit was given.

Both parties asked peremptory instructions on the question of liability of the bonding company, and the court instructed the jury in behalf of appellee, submitting to the jury only the question of the value of the pipe repossessed or taken back by appellee during the pendency of the suit. The jury fixed the value, which was deducted from the claim, and the court gave judgment for appellee for the difference.

The only question, therefore, for determination here is whether the appellant company, surety on the contractor's bond, is liable to the payment for the materials furnished by appellee, the fact of the sale, purchase and use of the materials being undisputed. The statute requiring bonds of contractors for road construction, etc., made by surety companies authorized to do business in the State of Arkansas, provides:

"Section 1. That all bonds required by any commission or commissioners or board, or the agent or agents thereof, county courts or judges thereof, or any other public officer or officers for the construction of any public buildings, levee, sewer, drain, · road, street, highway, bridge or other public buildings or works aforesaid, shall be liable for all claims for labor, material, camp equipment, fuel including oil and gasoline, food for men and feed for animals, labor and material expended in making repairs on machinery or equipment used in connection with the construction of said public buildings or works aforesaid, lumber and material used in making forms and supports and all other supplies or things entering into the construction, or necessary or incident thereto or used in the course of construction of said public buildings or public works; said bonds shall also be liable for rentals on machinery, equipment, mules and horses used in the construction of said public buildings or public works aforesaid, and all persons holding such claims shall have a right of action on said bonds." Act 368 of 1929.

Section 3 of said act requires the bond to specifically include liability for the things enumerated in § 1, but the failure to include said provisions in the bond shall not

prevent the holders or owners of claims as provided in said section from bringing suit and enforcing such claims against the bond.

The construction company had 5 miles of 2-inch pipe in its equipment, but found it necessary to use 2½-inch pipe for the furnishing of water to the concrete mixer and wetting down the concrete after it was laid and bought this pipe from appellee company and used it for that purpose in the construction and completion of this road work under the contract.

Appellant's only contention is that the pipe purchased by the contractor, for the value of which the suit is brought, is part of the major equipment of the construction company, which could be used in the construction of other work of a like kind, and that there was no liability on the part of the surety company under the bond for the payment thereof, and that the court erred in not so directing the jury.

This statute requiring the giving of bond by contractors for the construction of public works, roads, etc., was intended for the protection of furnishers of labor and materials used in or incident to the construction of such works, and bonds given under it must be construed liberally in order to effectuate the purpose of the Legislature as declared in its terms, and as our courts had been giving a limited or narrow construction to bonds made by contractors for such work, this doubtless caused the enactment of the present statute. The law requiring the bond to be executed to cover liabilities in accordance with the terms of the statute, the principal and surety, even by express terms of the bond, could not limit or restrict their liability by employing or omitting to include therein the terms of the statute.

The undisputed testimony shows that this pipe was purchased from appellee company and was necessary to the construction of this particular piece of work or road, and was used in such construction as necessary or incident thereto for supplying water to the concrete mixer

and wetting down the concrete on the road surface after it was laid; and payment of the purchase price thereof comes within the provisions of the statute and bond, without regard to whether the materials or pipe could be used on other construction work thereafter by the contractor. It makes no difference whether it was called major equipment in the bond, as a fair construction of the statute includes within its terms the purchase and use of the materials sued for as certainly incident to the construction of the public work, and the contractor and surety were liable to the payment thereof under the statute and bond, and the court did not err in directing the verdict for appellee. The jury found the value of the pipe that was returned to appellee company under proper instructions, and the court properly gave credit to appellant for the value thereof as found upon the amount otherwise due appellee for furnishing the pipe.

We find no error in the record, and the judgment is affirmed.