SOUTHERN COAL COMPANY *v.* McWILLIAMS COMPANY, INC.

4-2799

Opinion delivered January 9, 1933.

*Armstrong, McCadden & Allen* and *Coleman & Riddick,* for appellant.

*George E. Pike* and *Wm. M. Hall,* for appellee.

MEHAFFY, J. In October, 1928, appellee, McWilliams Company, Inc., entered into a contract with the receivers of the Farrelly Lake Levee District of Arkansas and Jefferson counties, an improvement district organized under special act of the Legislature, by the terms of which contract the McWilliams Company, Inc., undertook and became obligated to construct certain parts of the improvement which the levee district was authorized by law

to construct, and to furnish all material and labor necessary therefor.

To secure the faithful performance of its contract, the McWilliams Company, Inc., as it was required by said contract to do, executed and delivered its construction bond, dated October 20, 1928, and executed by the appellee, United States Fidelity & Guaranty Company as surety.

The bond was in the sum of $50,000, and conditioned upon full performance by McWilliams Company, Inc., of the obligation contained in the construction contract.

The Southern Coal Company, the appellant, sold and delivered to McWilliams, at the place where said work was performed in Arkansas County, coal for the agreed price of $1,465.92. All of said coal was actually used by McWilliams Company, Inc., in the operation of steam shovels and dredges with which the McWilliams Company, Inc., performed the actual construction work on the improvement being done by the levee district.

The McWilliams Company, Inc., refused to pay, and the appellant brought suit in the Arkansas Circuit Court against the McWilliams Company, Inc., and the U. S. Fidelity & Guaranty Company.

The McWilliams Company, Inc., filed answer, admitting the truth of the allegations in the complaint. The surety company filed a demurrer, alleging that the appellant had no right to sue on the bond, and that the complaint on its face showed that the material furnished was coal, and that this was not material, within the meaning of law and the bond required for the performance of public contracts for labor and material.

The appellee now concedes that the bond was given pursuant to and in compliance with §§ 6913 and 6914 of Crawford & Moses' Digest, and that appellant had a right to sue upon the bond. The only question therefore for our consideration and determination is, whether coal is material furnished within the meaning of statute and bond.

The authorities on this question are in conflict. The United States Supreme Court and the Supreme Courts of

a number of States have held that coal and fuel furnished as this was is within the law and the bond, and entitle the person furnishing coal to a lien and to an action on the bond of the contractor.

A majority of this court, with which the writer does not agree, is of the opinion that the case should be affirmed, and that it is controlled by the former decisions of this court.

In the case of *Pierce Oil Corporation* v. *Parker*, 168 Ark. 400, 271 S. W. 24, the court reviewed the authorities, calling attention to the conflict, and we do not think it necessary to again review the authorities, or discuss the reasons given therein.

In the case referred to, the court said: "Having regard then for the well-defined and established meaning of a similar statute, we think that the fair meaning of the language used in the statute under consideration is only to give persons a lien who supply material directly used in the prosecution of the work, or material substantially consumed in the prosecution of the work, and are practically useless after such use.

"Therefore, we do not think that oil or other fuels used in operating motor trucks engaged in hauling stone for the construction of an improved highway can fairly and justly be said to be used in the prosecution of the work. As above stated, oil so used is only incidental to the operation of the motor trucks, and can be no more considered materials used in prosecution of the work than the motor trucks themselves, or the repairs on them." *Heltzel Steel Form & Iron Co.* v. *Fidelity Deposit Co. of Md.*, 168 Ark. 728, 271 S. W. 325; *So. Surety Co.* v. *Simon*, 172 Ark. 924, 290 S. W. 960.

In the last case referred to, we said: "We think the declaration was one upon the bond, and that no liability existed against appellant thereon for two reasons: First, the claim for supplying coal was not within the protection of the bond; second, the suit was barred by failure to bring it within six months after the improvement was completed."

It was again held by this court that the surety on the contractor's bond was liable only for the value of such material as actually entered into the construction of the road, and that it is not liable for the value of feed furnished the stock which was used in the work on the road.. *Goode* v. *Ætna Casualty & Surety Co.*, 178 Ark. 451, 13 S. W. (2d) 6.

A majority of the court is of the opinion that the cases decided by this court and cited herein are decisive of this case, and it is unnecessary to discuss the cases decided by other courts and cited by learned counsel.

The judgment of the circuit court is affirmed.