NATIONAL SURETY CORPORATION, AND BEN
F. HAWKINS, CONTRACTOR *v.* IDEAL LUMBER
COMPANY, INC.

5-5394                                    460 S. W. 2d 55

Opinion delivered November 30, 1970

*William H. Drew,* for appellants.

*Arnold, Hamilton & Streetman,* for appellee.

CARLETON HARRIS, Chief Justice. The question at issue in this case is whether appellee, Ideal Lumber Company, Inc., is entitled to recover for the sale of materials and hand tools to a subcontractor for use in connection with a public contract under the provisions of Section 14-604. Ark. Stat. Ann. (1968 Repl.). Ben F. Hawkins, contractor, was awarded Job No. 2636 by the Arkansas Highway Department, the job consisting of reconstruction of U. S. Highway 82 at Crossett. National Surety Corporation, appellant herein, was Hawkins' bondman. A subcontract was given to Sutton Construction Company, Inc., for the construction of concrete and drainage structures, Sutton also doing other construction work at

the same time. Sutton became insolvent and did not pay its account to appellee, and the latter brought this action against appellant and Sutton Construction Company, Inc., seeking recovery for the price of equipment allegedly due it from Sutton. Appellant in its answer admitted that it was surety on the performance bond for Hawkins and admitted that Sutton Construction Company, Inc., was a subcontractor on the project. The lumber company subsequently amended its complaint deleting certain items from the complaint for which it had originally claimed payment, thus reducing the amount sought in its prayer for relief. Hawkins, by reason of indemnity required by his surety, filed an intervention in which he denied that the account of Sutton with Ideal was for materials used in the construction of Highway 82. Prior to the trial, Hawkins died, and there was no revivor on his behalf. After the conclusion of the evidence and the instructing of the jury, the court struck the name of Hawkins from the verdict forms and the case was submitted to the jury. A verdict was returned against appellant and Sutton Construction Company in the amount of $661.93, which was the amount sought by appellee after amending its complaint. To this sum the court added the 12% statutory penalty in the sum of $79.43, and awarded an attorney's fee in the amount of $250.00, with interest thereon from date of trial until paid at the rate of 6% per annum. From the judgment so entered comes this appeal. For reversal three points are asserted, though points one and three are linked together. We proceed first to a discussion of point two.

This point is predicated upon the contention that, before appellee could obtain a judgment against appellant, it must first establish the liability of the surety's principal, Ben F. Hawkins, contractor. It is asserted that the surety's liability does not extend beyond the principal's liability, and there having been no determination of the latter's liability, the judgment against National Surety cannot stand. We do not agree. We have held that laborers and materialmen may, in cases involving public improvements, sue the surety on the bond of the contractor without making the contractor a party. *Holcomb*

v. *American Surety Company,* 184 Ark. 449, 42 S. W. 2d 765. It is there pointed out that where the construction is of a public nature, and no lien can be enforced, the rights of the persons performing or furnishing material must be enforced through the bond given for the protection of laborers and materialmen. We said:

"This bond, which is hereafter set out, entitles the beneficiaries—the laborers and materialmen—to an action against the obligors. *Oliver Construction Co.* v. *Williams,* 152 Ark. 414, 238 S. W. 615. Clark [contractor] was a proper, but not a necessary party. If it be true, as claimed by appellees, that Clark was frequently within the State and conferred during the pendency of the suit with their attorneys, they could have themselves made Clark a party if they deemed such action necessary for the preservation of their rights."

See also *Trinity Universal Insurance Company* v. *Smithwick,* 222 F. 2d 16 (8th Cir., 1955).

Appellant's principal argument for reversal is stated in his brief, as follows:

"Mr. Brady, [carpenter superintendent for Sutton, who also from time to time in course of employment, purchased materials from appellee] who purchased all items of materials from appellant, repeatedly stated that these tools purchased were turned in by him to the warehouse of Sutton. While the use thereof may have been essential at the particular moment, a clear example would be the pipe wrench to fix a leak, being used two or three times was turned in. These tools not only did not enter into, or form a part of the completed improvement, they were in fact, turned into the warehouse where they became a part of the assets of Sutton.* * *

While the value of the tools herein may not be great, to hold the prime contractor and bondsman liable for tools purchased by subcontractors would cause claims to arise for the purchase of anything conceivable that would or could be used in any portion of performing a

contract, without regard to the amount of the contract or the cost of the tool."

Appellant relies upon the case of *Heltzel Steel Form & Iron Co.* v. *Fidelity & Deposit Co.,* 168 Ark. 728, 271 S. W. 325, wherein this court held that although certain tools, implement, and appliances, may be essential in the construction, they do not enter into it, form no part of the completed improvement, and there can be no recovery.[1] Recovery had been sought by the materialman for such items under the authority of Section 5446 of Crawford and Moses Digest of the Statutes of Arkansas. This court specifically pointed out that 5446 did not authorize recovery for such items, although we recognized in *Heltzel* that some other courts had held to the contrary. In 1929, the legislature enacted Act 368[2] which set out items for which recovery could be had. Three years later (January 11, 1932) in the case of *Detroit Fidelity & Surety Co.* v. *Yaffee Iron & Metal Co., Inc.,* 184 Ark. 1095, 44 S. W. 2d 1085, we mentioned that the construction company had given a bond with the appellant company as surety as required by Act 368 of 1929. The same question before us today was raised in that case. There, the materialman sought payment from the appellant for the purchase price of some iron pipe and similar materials sold by appellee to the contractor and used in connection with the construction of a state highway. Appellant admitted that the pipe was part of the construction company's equipment, but contended that it was not covered by the terms of the bond. From the opinion:

"Proof shows that the material, pipe, joints and things of this kind, was bought by the construction company for use on this particular work and job, and delivered by appellee at the site of the work. The construction company had been engaged in similar work for 10 years, but needed special size pipe for bringing water to

---

[1] Appellee admits that it would not be entitled to recover under this holding, but points out that that statute was subsequently superseded.

[2] Amended by Act 82 of 1935, Act 261 of 1953, and Act 209 of 1957. The Act as amended is Ark. Stat. Ann § 14-604 (Repl. 1968).

its concrete mixer and wetting down the concrete after it had been laid. * * * * The only question, therefore, for determination here is whether the appellant company, surety on the contractor's bond, is liable to the payment for the materials furnished by appellee, the fact of the sale, purchase and use of the materials being undisputed. * * * * Appellant's only contention is that the pipe purchased by the contractor, for the value of which the suit is brought, is part of the major equipment of the construction company, which could be used in the construction of other work of a like kind, and that there was no liability on the part of the surety company under the bond for the payment thereof, and that the court erred in not so directing the jury. * * * *The undisputed testimony shows that this pipe was purchased from appellee company and was necessary to the construction of this particular piece of work or road, and was used in such construction as necessary or incident thereto for supplying water to the concrete mixer and wetting down the concrete on the road surface after it was laid; and payment of the purchase price thereof comes within the provisions of the statute and bond, without regard to whether the materials or pipe could be used on other construction work thereafter by the contractor.*[3]* It makes no difference whether it was called major equipment in the bond, as a fair construction of the statute includes within its terms the purchase and use of the materials sued for as certainly incident to the construction of the public work, and the contractor and surety were liable to the payment thereof under the statute and bond, and the court did not err in directing the verdict for appellee."

Objections to the court's instruction No. 6 to the jury were based on the same arguments advanced in the point just discussed, and which we have held to be without merit; that is, it objects to the words (referring to equipment) "were *used*" and says that under this instruction, "equipment of every kind and description, buildings or otherwise, incidental to Sutton's work on the project", was covered. As already stated, we think the issue is settled by *Detroit Fidelity & Surety Co.* v. *Yaffee Iron &*

[3]Emphasis supplied.

*Metal Co., Inc., Supra.* The equipment involved here is mainly hand tools, items such as shovels, sledge hammers, sharpshooter, mops, and similar articles. All would be classed as minor items, and it is not argued that appellee was only entitled to the rental value of the equipment; in fact, the materials questioned on this appeal are only valued at $134.96.[4]

The judgment is affirmed. Attorneys for appellee ask for an additional fee for services rendered in this court and we find that this request should be granted in the amount of $250.00.

It is so ordered.

---

[4]Appellant has offered to confess judgment for $522.92.