## ARGONAUT INSURANCE COMPANY *v.* M & P EQUIPMENT COMPANY

80-84                                      601 S.W. 2d 824
Supreme Court of Arkansas
Opinion delivered June 23, 1980

*Barber, McCaskill, Amsler, Jones & Hale,* for appellant.

*Herby Branscum, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. An action by laborers or materialmen against the surety upon a contract for the construction of public works must be brought within six months after final payment is made to the general contractor. Ark. Stat. Ann. § 14-606 (Repl. 1979). On this appeal such a surety, Argonaut Insurance Company, argues that the trial judge, sitting without a jury, was wrong in holding that the action is not barred. We agree with the trial court.

Our review is governed by the substantial evidence rule, the case having been tried before the effective date of ARCP 52. In 1973 the state highway department let a road construction contract to D. F. Jones Construction Company as the prime contractor. The appellee was a subcontractor for the excavation and hauling of dirt. In 1974, in the early stages of the work, Jones abandoned the job, and Argonaut employed another contractor to finish the project. On June 15, 1976, the highway department made its final payment, apparently to Argonaut. This action was not filed until December 22, more than six months later. For that reason Argonaut contends that the action is barred.

The answer to Argonaut's contention is that there is much substantial evidence to show that he appellee's cause of action is actually based not upon Argonaut's original contract of suretyship but upon its later assumption of responsibility for the completion of the job and its direct promise to pay the balance due the appellee, which proved to be $4,-669.87. The appellee's president testified that after Jones abandoned the job Argonaut made direct payments of $6,900 and $10,000 upon estimates submitted by the appellee for its work and promised to pay their remainder. That positive proof was not overcome by the testimony of a highway department employee who said that the final payment was made to Jones on June 15, 1976. That witness had not seen the final check, did not know whether it was actually cashed by Jones, and testified only from what appears to be a business machine print-out of some kind. The trial court could reasonably find

that the final payment was not made to Jones, which had abandoned the job two years earlier, but to Argonaut or for its benefit. These facts distinguish this case from *Southern Surety Co.* v. *Simon,* 172 Ark. 924, 290 S.W. 960 (1927), relied upon by Argonaut. There the court pointed out specifically that the surety had not agreed to pay debts incurred by the construction company and that the complaint was based upon the contract of suretyship. Here just the opposite is true: Argonaut made a direct promise to the appellee, and the suit is essentially upon that promise; so the date of the final payment upon the contract is not controlling.

Affirmed.