CRAWFORD v. OZARK INSURANCE COMPANY.

Opinion delivered February 13, 1911.

1. FIRE INSURANCE—ASSESSMENT COMPANIES—STATUTORY LIABILITY.—The liability of sureties of assessment fire insurance companies under the act of April 24, 1905, is that the company shall promptly pay all claims arising and accruing to any person or persons during the term of their bond, regardless of whether the policies under which such claims arise were issued during the life of the bond or not. (Page 552.)

2. SAME—CONSTRUCTION OF BOND.—Where a bond was required by the statute to be executed by sureties for an insurance company, unless it will be doing violence to the language of the bond itself, it will be presumed that the sureties intended to execute the bond in compliance with the statutory requirements. (Page 552.)

3. BONDS—CONSTRUCTION.—Statutory bonds executed in the form prescribed by the statute must be construed as though the statute were written in them, as respects the rights and liabilities of principal and surety. (Page 553.)

4. FIRE INSURANCE—ASSESSMENT COMPANIES—BONDS.—Under a bond obligating an assessment fire insurance company promptly to pay "all claims arising and accruing to any person or persons by virtue of any policy issued by said company during the term of this bond," etc., the company is liable for all claims accruing during the term of the bond, whether issued during such term or not. (Page 553.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellant had a policy of fire insurance in the Ozark Insurance Company, a mutual fire insurance company, for the sum of $1,000. The policy was in force from the 8th day of September, 1904, to the 8th day of September, 1907. On the 15th day of April, 1907, the property insured was destroyed by fire. The appellant sued the insurance company, alleging its failure to pay the policy, and also joined in the suit the following individuals, towit: A. J. Ingle, Geo. W. Moss, Houston J. Jayne, J. K. Simmons, James B. Moore, and I. R. Arbogast, alleging that they had on the 28th day of February, 1906, executed a bond in the sum of $15,000, which bond was approved by the Auditor of the State of Arkansas March 7, 1906, and which was in full force on the 15th day of April, 1907, when the loss occurred; that the bond was conditioned for the prompt payment of all claims arising and accruing to any person of persons during the term of said bond by virtue of any policy issued by said company upon any property in Arkansas, etc.; that the insurance company and the bondsmen named had not paid the appellant the amount of his policy, which claim accrued to him during the term of said bond. Appellant prayed for judgment against the insurance company and the sureties named in the sum of $1,000 with interest. The insurance company denied liability, setting up various alleged defenses. The sureties adopted the answer of the company, and for further answer alleged that the policy of insurance was not executed during the time that the bond of February 28, 1906, which they signed, was in force; that by the terms of said bond the makers undertook to become liable

only for claims arising and accruing to any person or persons by virtue of any policy issued by the said company during the term of the said bond, and that by its terms the said bond was in force and applied to the business transacted by said insurance company for a period of one year ending March 1, 1907, and that the policy herein sued on was executed September 8, 1904, and the loss alleged to have occurred to plaintiff was on April 15, 1907, by reason of which defendants are in no measure liable to plaintiff, on account of the alleged loss under and because of said alleged bond of February 28, 1906.

After the evidence was adduced the court directed a verdict in favor of appellant against the insurance company, and also to return a verdict in favor of appellees.

The verdict was returned in favor of appellants against the company in the sum of $960, and the verdict was also in favor of appellees. The judgment was entered according to the verdict. The company has not appealed. The appellants seeks by this appeal to reverse the judgment in favor of the appellees.

*J. M. Parker* and *W. H. Dunblazier,* for appellant.

The repeal of the act under which the bond of July 22, 1903, was executed does not prevent recovery on that bond. Plaintiff's right was a vested one before the repeal of the act. 49 Ark. 193, 194; 5 Cyc. 749. Sureties on the bond of an insurance company may be made parties defendent, and final judgment rendered against them at the same time, and in like manner as against the company. Kirby's Dig. § 4376; 87 Ark. 72.

The law regulating mutual companies provided that the bond should be renewed every two years. The sureties on the bond of February 28, 1906, are, therefore, also liable, and the court erred in excluding it from evidence. Kirby's Dig. § 4348. If this statute is not repealed by Acts 1905, p. 489, repealing clause, and it is not unless there is something inconsistent with the above section contained in the act, then the bond last mentioned was in force for two years, *i. e.* until February 28, 1908. The obligors in the bond are presumed to have bound themselves with reference to the statute. 76 Ark. 415; 5 Cyc. 753, note 56; *Id.* 756 and note; *Id.* 751 and note 2; 108 S. W. 548; 2 Am. & Eng. Enc. of L. 466; 70 Ark. 3.

*C. E. & H. P. Warner,* for appellees.

The liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound and no further. 24 How. 315, 16 Law. Ed. 690; 15 Pet. 205, 10 Law. Ed. 713; 6 Ill. 582; 158 Pa. St. 392; 120 Ind. 86; 92 Ind. 240; 87 Ind. 541. Appellees were not liable on the bond of February 28, 1906, because the obligation of the sureties was expressly limited by the terms of that bond, providing that they "shall promptly pay all claims arising and accruing to any person or persons, *by virtue of any policy issued by said company, during the term of this bond,"* etc. 89 Ark. 394; 52 Ark. 201.

WOOD, J., (after stating the facts). The only question is: were appellees liable under the following clause of their bond, towit: they "shall promptly pay all claims arising and accruing to any person or persons, by virtue of any policy issued by said company, during the term of this bond upon any property situated in the State of Arkansas when the same shall become due?"

In the recent case of *American Insurance Company* v. *Haynie,* 91 Ark. 43, we held (quoting syllabus): "The liability of sureties of insurance companies under the act of April 24, 1905, is that the company shall promptly pay all claims arising and accruing to any person or persons during the term of their bond, regardless of whether the policies under which such claims arise were issued during the life of the bond or not."

Section 4348 of Kirby's Digest provides that the bonds of mutual fire insurance companies shall be renewed every two years. There is nothing in the Acts of 1905, p. 489, inconsistent with the above provision; nothing repealing it. Section 4339, Kirby's Digest, providing for the renewal of bonds annually, especially provides that "this is not to apply to assessment companies as provided in sections 4347 and 4348." Therefore the bond of appellees executed February 28, 1906, was in force till February 28, 1908. Hence the loss of appellant, which occurred April 15, 1907, was during the term of the bond. Appellees contend that the policy itself must have been issued during the term of the bond; that the express language of the bond excluded losses that occurred during the life of the bond, on policies

that were issued before the bond was exectued. In other words, appellees contend that, by the express language of the bond, unless the policy was issued during the term of the bond, the sureties were not liable for a loss that occurred during such term.

We must presume that it was the intention of the bondsmen to execute the bond in compliance with the requirements of the statute; and, unless it would be doing violence to the language of the bond itself, it is our duty to so hold. *United States Fidelity & Guaranty Co.* v. *Fultz,* 76 Ark. 415; 5 Cyc. p. 755, note 56; *Ib.* 751, 2 and 756, and note.

Statutory bonds executed in the form prescribed by the statute must be construed as though the statute were written in them, as respects the rights of principal and surety. *Zellars* v. *National Surety Co.,* 108 S. W. 548. The clause of the bond under consideration should be construed and read as follows: shall promptly pay all claims arising and accruing to any person or persons during the term of this bond, by virtue of any policy issued by said company, upon any property situated in the State of Arkansas, when same shall become due. This arrangement is according to the punctuation and grammatical construction; and, while punctuation should not control, neither should it be ignored, in considering what the makers of the instrument meant by the language employed. The comma after "persons" and "company" shows that the phrase, "by virtue of any policy issued by said company," is parenthetical. Their effect is to make the prepositional phrase, "during the terms of this bond," relate to and qualify the participle "accruing," and not the verb "issued." When thus construed, the bond conforms to the law as interpreted in *American Insurance Company* v. *Haney, supra,* by which this case is ruled. The judgment is therefore reversed, and judgment is entered here in favor of appellant against appellees in the sum of $960 with interest.