**FORT SMITH STRUCTURAL STEEL COMPANY, Plaintiff,**

v.

**WESTERN SURETY COMPANY, Defendant.**

Civ. A. No. 554.

United States District Court
W. D. Arkansas,
Fayetteville Division.

Nov. 17, 1965.

E. J. Ball, R. L. Wommack, Fayetteville, Ark., Franklin Wilder, Fort Smith, Ark., for plaintiff.

Shaw, Jones & Shaw, Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

Plaintiff's motion for summary judgment filed October 7, 1965, under Rule 56, Fed.R.Civ.P., defendant's response thereto, filed October 25, 1965, and the motion of defendant for continuance filed October 25, 1965, are before the court.

The case was duly removed on June 10, 1965, to this court from the Circuit Court within and for Washington County, Arkansas, on the grounds of diversity and amount involved. The existence of diversity of citizenship of the parties and the presence of an amount in controversy in excess of $10,000.00, exclusive of interest and costs, give the court jurisdiction. Since jurisdiction is based upon diversity the substantive law of Arkansas determines the rights of the parties.

On the day the case was removed the defendant filed its motion to strike the allegations of the complaint seeking recovery of a penalty of twelve percent and a reasonable attorney's fee. The motion was denied on June 15, 1965. On June 22, 1965, the court, on motion of defendant, extended its time to July 3 to answer or otherwise plead. Answer was filed July 3, 1965, in which defendant did not deny that the construction contracts were entered into by Washington County and the Arkansas State Highway Commission and that the statutory bonds were executed by defendant as alleged in the complaint. Neither did the defendant deny that the material in the amounts and of the value as alleged by plaintiff was furnished.

On October 6, 1965, the defendant filed a motion to remand which was denied October 11, 1965.

In the motion for continuance the defendant, inter alia, alleged:

"That this case is set for trial on Monday, November 8, 1965, and a complete audit of the records of Washington County, Arkansas, has not been completed. That until such audit is completed the amount of moneys available for payment of the plaintiff's claim and other claims cannot be determined. It is very probable after said audit is completed that there will be no liability on this defendant, there being sufficient moneys in the Washington County treasury to pay the claim of the plaintiff."

In view of the conclusion of the court on the motion for summary judgment, it is unnecessary to set forth other allegations contained in the motion for continuance.

For some time prior to the filing of the motion for summary judgment the case had been set for trial on its merits. On October 26, the day after defendant filed its response to the motion for summary judgment, the court by letter requested counsel for the parties to submit briefs on certain issues, i. e., (1) whether or not payment to the Arkansas State Highway Commission is a condition precedent to the payment of other claims, (2) whether or not Amendment 10 of the Arkansas Constitution, which is the basis of the Washington County Court's order of March 4, 1965, extends to the defend-

ant, and (3) were the contracts between the Arkansas State Highway Commission and Washington County made at such a time as to be void or voidable, and, if void, is that a defense available to the defendant.

Most excellent briefs have been received covering not only the questions stated above, but other incidental contentions of the parties. Upon receipt of the briefs it became apparent that the court would be unable to thoroughly consider and dispose of the pending motions prior to the fixed trial date, and on November 5 an order was entered striking the cause from the trial calendar of November 8 "subject to a later setting."

The court has examined the pleadings with their exhibits, the admissions contained in the answer and motions, the affidavits and the entire court file, and is of the opinion that there is no genuine issue as to any material fact.

█ The defendant on its brief makes three contentions which the court believes should be considered in the order made. The first contention is that payment to the Arkansas State Highway Commission is a condition precedent to the payment of other claims.

On or about March 20, 1964, Washington County, as contractor, entered into a written contract with the Arkansas State Highway Commission for the construction of a road project, Job No. C–72–47, Federal Aid Project S–1192(1). On the same date Washington County, as principal, and the defendant as surety executed and filed a statutory performance bond as required by Ark.Stat.Ann., Secs. 14–604, 14–606, (1956 Repl.). The plaintiff sold to Washington County the necessary materials for the performance of the contract and delivered the material to the job site, and they were used by the contractor in the construction of the road.

The same procedure was followed in the construction of Job No. C–72–48, Federal Aid Project S–1194(1) under contract of July 20, 1964, and Job No. C–72–49, Federal Aid Project S–1195(1) under contract of April 27, 1964. The balance due on C–72–47 is $5,194.54; on C–72–48, $4,512.97; and on C–72–49, $824.29, or a total of $10,531.80 due plaintiff on the three contracts. Each of the bonds contains the following provisions:

"Unpaid claims for material, labor and supplies entered into contingent and incident to the construction of said work or used in the course of performance of the work, shall have a right of action on this bond, but payments thereon shall be postponed until all claims of the Arkansas State Highway Commission hereon have been paid in full.

"The Surety Company hereon further agrees to pay all claims to which the said Contractor is liable under the provisions of Act 82 of the Acts of 1935, and Acts Amendatory thereof, except that nothing in this Bond shall be construed as assuming liability for the purchase price of any major equipment under what is commonly called a Sales Rental Agreement."

The statutory provisions applicable to the first contention of defendant are:

*Ark.Stat.Ann., Sec. 76–217 (1957 Repl.)*

" * * * Every contractor for work in excess of one thousand dollars ($1,000.00) shall be required to furnish a bond to be approved by a majority of the State Highway Commission in an amount at least equal to the amount of such contract, conditioned as the commission may require. Such bonds shall also be liable for material, labor, supplies, and expenses used in or incident to the work, including that which may become due to subcontractors, for which an action may be maintained on the bond by the parties to whom such payments may be due * * *."

*Ark.Stat.Ann., Sec. 14–604 (1965 Supp.)*

"All surety bonds required by the State of Arkansas, * * * or by any agency of any of the foregoing, for the repair, alteration, construc-

tion or improvement of any public works, including but not by way of limitation, buildings, levees, sewers, drains, roads, streets, highways and bridges, shall be liable on all claims for labor and materials entering into the construction or necessary or incident to or used in the course of construction of such public improvements, which claims for labor and materials shall include but not be limited to fuel oil, gasoline, camp equipment, food for men, feed for animals, premiums for bonds and liability and workmen's compensation insurance, rentals on machinery, equipment and draft animals; and also for taxes or payments due the State of Arkansas or any political subdivision thereof which shall have arisen on account of or in connection with wages earned by workmen on the project covered by the bond."

*Ark.Stat.Ann., Sec. 14-606 (1965 Supp.)*

"The liability imposed by Section 2 [§ 14-604] of Act 261 of 1953 (as amended by Section 4 of this Act) on any bond furnished by a public works contractor shall be deemed an integral part of such bond whether or not such liability is explicitly set out, or assumed, therein; provided, however, that no action shall be brought on such bond after six [6] months from the date final payment is made on the contract, nor outside the State of Arkansas."

Each of the performance bonds was executed and filed on a pre-printed form, and each contains the following provision:

"Unpaid claims for material, labor and supplies entered into contingent and incident to the construction of said work or used in the course of performance of the work, shall have a right of action on this bond, *but payment thereon shall be postponed until all claims of the Arkansas State Highway Commission hereon have been paid in full.*"

An examination of Section 53 of Act 65 of the Arkansas Acts of 1929, Ark. Stat.Ann., Sec. 76-217 (1957 Repl.), discloses a similar provision as follows:

"Such bonds shall also be liable for material, labor, supplies, and expenses used in or incident to the work, including that which may become due to subcontractors, for which an action may be maintained on the bond by the parties to whom such payments may be due, *but payment of any such recoveries on such bonds shall be postponed until all sums that may be due under such bonds to the State have been paid and the State Highway Commission has so certified.*"

It appears then that the foregoing provision contained in the Performance Bond form which was completed and filed in this case was originally placed in this bond form because of the requirements of Ark.Stat.Ann., Sec. 76-217, and its meaning and/or legal force and effect must necessarily depend upon the validity of that Statute, Act 65, Section 53, of the Arkansas Acts of 1929, Ark.Stat. Ann., Sec. 76-217 (1957 Repl.).

In Great American Indemnity Company of New York v. State ex rel. Arkansas Bitumuls Company, 231 Ark. 181, 328 S.W.2d 504 (1959), the materialman brought suit against the highway contractor's surety to recover for material furnished for the construction of a highway. The defendant defended on the grounds that the State Highway Commission had not certified that *"all sums that may be due under such bonds to the State [had] been paid"* as required by Section 53 of Act 65 of the Arkansas Acts of 1929, Ark.Stat.Ann., Sec. 76-217 (1957 Repl.). The court held that the part of Section 53 of Act 65 of the Arkansas Acts of 1929, Ark.Stat.Ann., Sec. 76-217 (1957 Repl.), which provides:

" * * * payment of any such recoveries on such bonds shall be postponed until all sums that may be due under such bonds to the State have been paid and the State Highway Commission has so certified."

was repealed by the subsequent adoption of Act 368 of 1929, as amended, Ark.Stat. Ann., Sec. 14–606 (1965 Supp.), which provides:

"The liability imposed by Section 2 [§ 14–604] of Act 261 of 1953 (as amended by Section 4 of this Act) on any bond furnished by a public works contractor shall be deemed an integral part of such bond whether or not such liability is explicitly set out, or assumed, therein; provided, however, that no action shall be brought on such bond after six [6] months from the date final payment is made on the contract, nor outside the State of Arkansas."

The court, in holding that the latter statute had repealed the former, beginning at the bottom of page 182 of 231 Ark., page 506 of 328 S.W.2d stated:

"In the Fischer case the claimants had not filed their claims with the Highway Commission in accordance with what we have designated as provision (c) of the earlier statute. We examined the two acts in detail and found that several clauses in the later act were contrary to the provisions of the earlier act. It was our conclusion that Act 368 had impliedly repealed the requirement that claims be filed within thirty days after the completion of the work. 'The only condition upon the right to sue under Act No. 368 is that the suit shall be commenced within six months from the date of final estimate to the contractor.'

"We are unable to distinguish that case from this one. What we have set out as provision (a) of Act 65 is a substantive requirement that the performance bond be given. But provisions (b) and (c) are procedural clauses having to do with the claimants' remedy upon the bond. The Fischer case holds in effect that in enacting Act 368 the legislature covered the matter of procedure anew and laid down the limitation of six months as the only condition upon the claimants' right to sue. It follows that provision (b), with reference to the Highway Commission's certificate, was also impliedly repealed, for there is no sound basis for treating one of the procedural clauses differently from the other one."

See also Consolidated Ind. & Ins. Co. v. Fischer Lime & Cement Co., 187 Ark. 131, 58 S.W.2d 928 (1931).

The Great American Indemnity case and the Fischer Lime & Cement Company case held that the provision appearing in Section 53 of Act 65 of the Arkansas Acts of 1929, Ark.Stat.Ann., Sec. 76–217 (1957 Repl.), requiring a postponement of recoveries under the bonds until the State had been paid in full and a certificate to that effect issued by the State Highway Commission, has been repealed and is without any force or effect, and the only requirement for suit is that the same be filed within six months from the date final payment is made on the contract.

Moreover, it is a well established rule of law that the provisions of the statute pursuant to which a bond is given are to be read into the bond and considered a part of it. In fact, Ark.Stat. Ann., Sec. 14–606 (1965 Supp.), specifically makes this a requirement. In Crawford v. Ozark Insurance Co., 97 Ark. 549, at page 553, 134 S.W. 951, at page 952 (1911), the court stated:

"We must presume that it was the intention of the bondsmen to execute the bond in compliance with the requirements of the statute; and, unless it would be doing violence to the language of the bond itself, it is our duty to so hold. United States Fidelity & Guaranty Co. v. Fultz, 76 Ark. [410] 415, 89 S.W. 93; 5 Cyc. p. 753, note 56; Id. 751, 752 and 756, and note.

"Statutory bonds executed in the form prescribed by the statute must be construed as though the statute were written in them, as respects the rights of principal and surety. Zellars v. National Surety Co., 210 Mo. 86, 108 S.W. 548."

Therefore, since the provision contained in the bonds that "payment thereon shall be postponed until all claims of the Arkansas State Highway Commission hereon have been paid in full" is outside of and contrary to the requirements of the Arkansas statutes (Ark.Stat.Ann., Secs. 14–604 and 14–606 (1965 Supp.)), the provision is ineffective and is without legal force and effect.[1]

The plaintiff filed timely claims with Washington County for the amounts owing under each of the three contracts, and all were disallowed on March 4, 1965. In the order disallowing the claims the court said:

"There has been an audit of the records and accounts of Washington County, Arkansas, covering the fiscal year 1964. This audit was made under the supervision of the State Controller of the State of Arkansas. This audit shows that there were unpaid claims on file for road expenses in the amount of $177,472.99. Attention has been called to Amendment 10 of the Constitution of the State of Arkansas, which states:

" 'The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any script, warrant or make any allowance in excess of the revenue from all sources for the current fiscal year; * * *'

"WHEREFORE, the court finds that there is no alternative but to disallow all road claims for 1964.

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, that a copy of the attached letter pertaining to the audit is hereby made a part of this order, and that all unpaid road claims for 1964 are disallowed. It Is So Ordered."

▮ The court now reaches for consideration the defendant's contentions two and three which, because of their close relation, will be considered together. Contention two is that Amendment 10 to the Constitution of Arkansas affords the defendant a defense to the claims of plaintiff. Contention three is that if the contracts between Washington County and the Arkansas State Highway Commission were entered into at such a time as to be void, that this defense is available to the defendant.

In other words the defendant contends that Washington County is not obligated to pay the plaintiff for the materials that entered into the construction of the public road projects because the orders of the material by Washington County from plaintiff are void under the provisions of Amendment 10 to the Constitution of the State of Arkansas.

Amendment 10 provides:

" * * * no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; * * *."

Assuming for the purpose of argument that the three statutory bonds are void as violating the provisions of Amendment 10 to the Arkansas Constitution, the

1. Washington County completed the public road projects identified herein as Jobs Nos. C–72–47, FAP S–1192(1) and C–72–49, FAP S–1195(1), and final payments were made by the Arkansas State Highway Commission to Washington County on June 29, 1965 and October 14, 1965, in the amounts of $102,852.93 and $121,758.19, respectively. Public road project identified as Job No. C–72–48, FAP S–1194(1) has not been completed and the final payment under the contract has not yet been made by the Arkansas State Highway Commission to Washington County.

court is of the opinion that the claims for labor and materials entering into the construction of the public road projects are not affected in any manner whatever. It should be borne in mind that Ark.Stat.Ann., Sec. 14–606, fails to make any reference whatever to the fact that the contract between the contractor (Washington County) and the Arkansas Highway Commission must be valid and free of any defects or that the contracts of the contractor (Washington County) for labor and materials entering into the construction of the public improvements must be valid and free of defects; but, on the contrary, the statute makes specific reference only to the fact that the status of the contractual relationship between the contractor (Washington County) and the Arkansas State Highway Commission is immaterial by providing that:

"All surety bonds * * * shall be liable on all claims for labor and materials entering into the construction * * * of such public improvements."

■ Such language has one and only one meaning. That meaning is that the defendant is liable on these three bonds for all the claims of plaintiff for the materials that were delivered to the job site and used in the construction of the road project, regardless of whether Washington County could be forced to pay plaintiff for these materials. The Supreme Court of Arkansas has made it clear that the statutory bonds required by Ark.Stat.Ann., Secs. 76–217 and 14–604, are for the protection of laborers and materialmen furnishing labor and materials for the construction of public works, that such bonds take on the nature of a statutory lien and are to be liberally construed in favor of the laborers and materialmen. Detroit Fidelity and Surety Co. v. Yaffe Iron and Metal, 184 Ark. 1095, 44 S.W.2d 1085 (1932); Trinity Universal Ins. Co. v. Smithwyck, 8 Cir., 222 F.2d 16 (1955); Oliver Construction Co. v. Williams, 152 Ark. 414, 238 S.W. 615 (1922); 1 Ark. Law School Bulletin 61 (1929); Bonds, Sec. 46 and 48, 17

Am.Jur.2d 225, 226. Since the statutory provisions and the cases reflect a strong public policy and require a liberal interpretation of statutory bonds in favor of the laborers and materialmen, it is inescapable that the language in the statute that "All surety bonds * * * shall be liable on all claims for labor and materials entering into the construction * * * of such public improvements" places one and only one condition upon the laborers' and materialmen's right to recover under the bonds; and that condition is that the labor or materials must enter into the construction of such public improvement. In the case at bar, the materials were placed on the job site and used in the construction of the three public road projects. The mere fact that Washington County, the contractor, may not be liable for the materials that it ordered and placed in the construction of the road projects by the amount of the purchase price which exceeds the revenues of Washington County for 1964 is immaterial. In this respect, it seems that Amendment 10 to the Arkansas Constitution affords protection against payment of such claims when Washington County is acting in a governmental capacity, but in the instant case Washington County was acting in the capacity of a contractor. The defendant, as a paid surety, is bound by statutory provisions designed to protect the suppliers of materials that enter into the construction of public works, and cannot hide behind the cloak of sovereign immunity inherent in Amendment 10 to the Arkansas Constitution. When the bonds were executed and filed pursuant to the requirements of Ark.Stat.Ann., Sections 76–217, 14–604 and 14–606, defendant was charged with notice that it was entering into what is, in a very proper sense, a public obligation, and one that would be relied upon by a supplier of materials for the public works. The defendant aided and abetted Washington County as a contractor in procuring from the State of Arkansas a total of $224,431.12 under two of the aforesaid contracts (C–72–47, FAP S–1192(1) and C–72–49, FAP S–1195

(1)) by executing along with Washington County for the use and benefit of the Arkansas State Highway Commission the following documents:

## "AFFIDAVIT

Job. No. C–72–47

"TO THE ARKANSAS STATE HIGHWAY COMMISSION
     Little Rock, Arkansas

"I hereby certify that all claims for material, labor and supplies entered into contingent and incident to the construction or used in the course of the performance of the work on Job No. C–72–47 have been fully satisfied.

WASHINGTON COUNTY
By  /s/  Gene L. Thrasher

Subscribed and sworn to before me this 1st day of July, 1965.

/s/ Marie Fletcher,
Notary Public

My Comm. Ex.: 4–23–69.

The Surety Company consents to the release of the retained percentage on this project with the understanding that should any unforeseen contingencies arise having a right of action on the bond that the Surety Company will not waive liability through the consent to the release of the retained percentage.

Dated July 2, 1965.

WESTERN SURETY CO.
By  /s/  James R. Sullivan."

———◆———

A similar affidavit was executed by Gene L. Thrasher and James R. Sullivan for and on behalf of Washington County and defendant on July 1 and June 30, 1965, pertaining to Job. No. C–72–49. On June 29, 1965, and October 14, 1965, Gene L. Thrasher executed a release for Jobs C–72–47 and C–72–49 to the Arkansas State Highway Commission in consideration for the payment of $102,852.93 and $121,758.19, respectively. Washington County as the contractor has been paid in full by the Arkansas State Highway Commission on two of the aforesaid contracts, and it appears that it will be paid in full for the other contract in the near future. Washington County has received payment from the Arkansas State Highway Commission for materials that plaintiff has provided for use in the construction of the road projects. Defendant has acquiesced in this arrangement, and executed an affidavit and consent that all of the monies due under the two contracts from the Arkansas State Highway Commission should be paid to the contractor, Washington County. In this case, the contract between Washington County and the Arkansas State Highway Commission provided that materials of the exact description should be provided and used in the construction of the public road projects. Washington County ordered these materials from plaintiff. The materials were delivered to the job site and Washington County used the materials in the construction of the public road projects.

Plaintiff knew of the construction contracts between Washington County and the Arkansas State Highway Commission. It had knowledge of the execution and filing of the performance bonds by defendant, and with this knowledge it furnished materials described in the construction contracts.

Defendant is not in a position to assert any benefits that may have resulted to

Washington County as a sovereign under Amendment 10 to the Constitution of the State of Arkansas, when it acknowledged by executing the performance bond that Washington County was a contractor and not acting in its sovereign capacity.

■ A careful reading of the three performance bonds discloses that each of the bonds is divided into two separate parts. The first part of the bond is conditioned upon the contractor's (Washington County) faithful performance of the public works contract, and the second part (quoted from the bonds hereinabove) is conditioned upon the payment of claims of laborers and materialmen. These two undertakings are as separate and distinct as if they were contained in separate instruments, and the rights of the materialmen are independent of the rights of the public. A statement of this rule of law is found in Equitable Surety Co. v. United States to the Use of W. McMillan & Son, 234 U.S. 448, 34 S.Ct. 803, 58 L.Ed. 1394 (1914). At page 454 of 234 U.S., at page 805 of 34 S.Ct., the court stated:

" * * * the obligation has a dual aspect, it being given, in the first place, to secure the government the faithful performance of all obligations which a contractor may assume towards it; and, in the second place, to protect third persons from whom the contractor may obtain materials or labor; and that these two agreements are as distinct as if contained in separate instruments. It was consequently held that the sureties in such a bond could not claim exemption from liability to persons who had supplied labor or materials to their principal, to enable him to execute his contract with the United States, simply because the government and the contractor, without the surety's knowledge had made changes in the contract subsequent to the execution of the bond, the changes being such as did not alter the general character of work contemplated by the contract, or the general character of the materials necessary for its execution."

At page 457 of 234 U.S., at page 806 of 34 S.Ct., the court further stated:

"The surety is charged with notice that he is entering into what is, in a very proper sense, a public obligation, and one that will be relied upon by persons who can in no manner control the conduct of the nominal obligee, and with respect to whom the latter is a mere trustee, and therefore incapable, upon general principles of equity, of bartering away, for its own benefit or convenience, the rights of the beneficiaries. In light of the statute, the surety becomes bound for the performance of the work by the principal in accordance with the stipulations of the contract, and for the prompt payment of the sums due to all persons supplying labor and material in the prosecution of the work provided for in the contract."

To the same effect, see also Standard Asphalt & Rubber Co. v. Texas Building Co., 99 Kan. 567, 162 P. 299, L.R.A.1917C, 490 (1917); 17 Am.Jur.2d, Bonds, Secs. 52, 99; 77 A.L.R. 22 and 195. See also Minneapolis Fire and Marine Mut. Insurance Co. v. Norman, 74 Ark. 190, 85 S.W. 229 (1905) (liability of surety under a statutory bond is not affected when the liability is incurred by principal entering into an invalid contract). The liability of a surety is not affected by a determination that the principal contract is invalid. Stillwell v. Bertrand, 22 Ark. 375 (1860); Gardner v. Barnett, 36 Ark. 476 (1880); Maledon v. Leflore, 62 Ark. 387, 35 S.W. 1102 (1896). The obligation of defendant to plaintiff is separate and independent of any other provision of the bonds and is absolute without any conditions. This liability of defendant is absolute, notwithstanding the fact that plaintiff may not be able to recover from Washington County because of Amendment 10 to the Arkansas Constitution.

Plaintiff's right to maintain this action depends upon whether this action was instituted within the time authorized by Ark.Stat.Ann., Sec. 14–606 (1965 Supp.), which provides:

" * * * no action shall be brought on such bond after six months [6] from the date final payment is made on the contract."

The record discloses that the instant suit was instituted on May 25, 1965; that final payments were made on two of the contracts by the Arkansas State Highway Commission to Washington County on June 29, 1965, and October 14, 1965, on the public road projects described herein as Jobs Nos. C–72–47, FAP S–1192(1) and C–72–49, FAP S–1195(1), and that the work has not been completed and final payment has not been made on one of the contracts identified herein as Job No. C–72–48, FAP S–1194(1). This suit was instituted by plaintiff against defendant within the period of limitations specified in Ark.Stat.Ann., Sec. 14–606.

A consideration of the contentions of the parties, their briefs and authorities cited therein, and all the relevant and material facts, which are not in dispute, convinces the court that plaintiff is entitled to a judgment "as a matter of law," and its motion for summary judgment should be sustained. The court is further of the opinion that the motion of defendant for continuance is without merit and should be overruled.

Therefore, judgment is being entered today sustaining the motion of plaintiff and for the recovery by plaintiff of the sum of $10,531.80, with interest at 6 percent from May 25, 1965, until paid, together with the sum of $1,263.82 as penalty, and a reasonable attorney's fee in the sum of $2,500.00 to be taxed as costs.

The judgment shall further provide that the motion of defendant for a continuance is denied and overruled, and that all costs be taxed against defendant.

