In Re: The Arkansas Criminal Code Revision Commission, Ex Parte

74-345                                    530 S.W. 2d 672

PER CURIAM

December 22, 1975

IN THE MATTER OF RULES OF CRIMINAL PROCEDURE. Per Curiam. The movement for reformation of the Arkansas criminal justice system began in 1971 with three workshops to study the American Bar Association's "Minimum Standards for the Administration of Criminal Justice" and criminal procedure in Arkansas. The workshops were sponsored by the Arkansas Supreme Court, the Arkansas Judicial Council, the Arkansas Prosecuting Attorneys' Association, the American Bar Association, the Arkansas Bar Association, and the Arkansas Commission on Crime and Law Enforcement. Later in 1971 the General Assembly enacted Act 470 of 1971, expressly authorizing the Arkansas Supreme Court to prescribe rules of pleading, practice, and procedure in criminal cases and proceedings.

Pursuant to Act 470 the Supreme Court, acting by its Chief Justice, and the Attorney General joined in creating the Arkansas Criminal Code Revision Commission. That eighteen-member Commission was selected to provide representation for all concerned groups, professions, institutions, and geographical areas in the state. The Commission was divided into two committees. One was charged with the responsibility of revising the substantive criminal law. That task was completed in 1974 and culminated in the adoption by the General Assembly of Act 280 of 1975, the Arkansas Criminal Code, effective January 1, 1976.

The procedural committee also completed its proposed draft in 1974. In December the Commission petitioned the Supreme Court to adopt the Rules of Criminal Procedure. The Court entered an order fixing a briefing schedule and

providing any interested person or group with an opportunity to file objections or suggest modifications. The Bobbs-Merrill Company had co-operated by publishing, without cost to the State, the proposed Rules. Copies had been sent to all attorneys in the state, with an invitation for suggestions. The Rules were also submitted to many groups, including the General Assembly's Legislative Council Judiciary Committee and its Standing Joint Interim Committee on the Judiciary.

Pursuant to the Court's briefing schedule suggestions and briefs were filed by the Arkansas Prosecuting Attorneys' Association, bail bondsmen, and others, including responses by the Criminal Code Revision Commission. All suggestions were considered by the Court, resulting in several amendments to the proposed Rules. All those amendments are on file with the Clerk of the Court.

Pursuant to Act 470 of 1971, and in harmony with the Court's constitutional superintending control over all trial courts, the Court hereby adopts and approves the proposed Rules of Criminal Procedure, as amended, effective January 1, 1976.

The amendments to the Rules of Criminal Procedure, as proposed by the Arkansas Criminal Code Revision Commission and published by the Bobbs-Merrill Company, are as follows:

1. Rule 2.3 appearing on Lines 21-25 of Page 7 is amended to read as follows:

> **Warning to Persons Asked to Appear at a Police Station.** If a law enforcement officer acting pursuant to this rule requests any person to come to or remain at a police station, prosecuting attorney's office or other similar place, he shall take such steps as are reasonable to make clear that there is no legal obligation to comply with such a request.

2. Rule 3.1 appearing on Lines 26-38 of Page 7 is amended to read as follows:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropria-

tion of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.

3. Rule 7.1 (c) appearing on Lines 209-213 of Page 18 is amended to read as follows:

The clerk of a court or his deputy may, when authorized by the judge of that court, issue an arrest warrant upon the filing of an information or upon affidavit sworn to by the complainant and approved by the prosecuting attorney. Any such information or affidavit shall be indorsed by the prosecuting attorney approving the issuance of the warrant.

4. Rule 11.2 (a) appearing on Lines 47-49 of Page 33 is amended to read as follows:

search of an individual's person, by the individual in question or, if the person is under fourteen (14) years of age, by both the individual and his parent, guardian or a person *in loco parentis*;

5. Rule 11.3 entitled "Warning Required to Search" appearing on Lines 55-58 of Page 33 is eliminated. Rules 11.4, 11.5 and 11.6 appearing on Lines 59-72 on Page 33 are renumbered as Rules 11.3, 11.4 and 11.5 respectively.

6. Rule 16.2 (e) appearing on Lines 482-485 on Page 45 is eliminated and Comment I (b) on Page 46 is adopted as Rule 16.2 (e). Comment I (c) shall be redesignated as Comment I (b).

7. Rule 17.1 (a) (i) on Lines 6-9 on Page 46 is amended to read as follows:

the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial;

8. Rule 17.1 (a) (ii) appearing on Line 10 at Page 46 and Lines 11 and 12 on Page 47 is amended to read as follows:

any written or recorded statements and the substance of any oral statements made by the defendant or a codefendant;

9. Rule 17.1 (a) (iii) appearing on Lines 13-15 on Page 47 is amended to read as follows:

those portions of grand jury minutes containing testimony of the defendant;

10. Rule 17.1 (e) appearing on Lines 43-47 of Page 47 is eliminated from the rule but is reclassified as part of the commentary on Rule 17.1.

11. Rule 17.2 (d) appearing on Lines 63-67 on Page 53 is eliminated as a part of the rule but shall be considered as a comment on Rule 17.2.

12. Rule 23.1 (a) appearing on Lines 118-122 on Page 64 is amended to read as follows:

The court may order consolidation of two (2) or more charges for trial if the offenses, and the defendants if there are more than one (1), could have been joined in a single indictment or information without prejudice to any defendant's rights to move for severance under preceding provisions.

13. Rule 28.1 appearing on Lines 18-22 on Page 75 and Lines 23-36 on Page 76 is eliminated. In lieu thereof the alternate provision appearing on Lines 37-50 of Page 76 is adopted and substituted as Rule 28.1.

14. Rule 36.1 appearing on Lines 1-9 of Page 84 is amended to read as follows:

**Right of Appeal.** Any person convicted of a misdemeanor or a felony by virtue of a trial in any circuit court of this state has the right to appeal to the Supreme Court of Arkansas. An appeal may be taken jointly by codefendants or by any defendant jointly charged and convicted with another defendant, and only one (1) appeal need be taken where a defendant has been found guilty of one (1) or more charges at a single trial. There shall be no appeal from a plea of guilty or nolo contendere.

15. Rule 1.6 (e) is added on Page 3 following Line 48 as follows:

"Defense counsel" shall include the defendant in a case, as well as his attorney, whenever obligations are imposed upon defense counsel.

16. Rule 1.7 (d) appearing on Lines 63 and 64 on Page 3 is amended to read as follows:

These rules shall become effective on January 1, 1976.

17. Rule 8.3 (c) appearing on Lines 275-277 on Page 20 is amended by adding the following:

In so doing, the judicial officer shall first determine by an informal, non-adversary hearing whether there is probable

cause for detaining the arrested person pending further proceedings. The standard for determining probable cause at such hearing shall be the same as that which governs arrests with or without a warrant.

18. Rule 4.4 appearing on Lines 33-49 on Page 13 is eliminated. Rules 4.5, appearing on Lines 50-53 on Page 13 and Lines 54-56 on Page 14, 4.6, appearing on Lines 57-61 of Page 14 and Rule 4.7 appearing on Lines 62-73 on Page 14 are renumbered as Rules 4.4, 4.5 and 4.6, respectively.

19. Rule 13.3 (b) and (c) appearing on Lines 218-225 on Page 38 are eliminated. Sections (d) appearing on Lines 226-236 on Page 38 and (e) appearing on Lines 237-244 on Page 38 and (f) appearing on Lines 245-248 of Page 38 and Lines 249-252 on Page 39 and (g) appearing on Lines 253-263 on Page 39 are redesignated as subsections (b), (c), (d) and (e) of Rule 13.3.

20. Certain amendments made by The Arkansas Criminal Code Revision Commission in its petition for promulgation of Rules of Criminal Procedure after the publication of the proposed Rules by The Bobbs-Merrill Company are also adopted and approved. They are:

## I

Rule 1.5 appearing on Lines 29 and 30 of Page 2 is amended to read as follows:

All prosecutions for violations of the criminal laws of this state shall be in the name of the State of Arkansas, provided that this rule shall in no way affect the distribution, as provided by law, of monies collected by municipal courts.

## II

Rule 4.1 (a) (ii) appearing on Lines 6-10 of Page 8 is amended to read as follows:

(ii) a traffic offense involving:

(A) death or physical injury to a person; or
(B) damage to property; or
(C) driving a vehicle while under the influence of any intoxicating liquor or drug; . . .

## III

The introductory portion of Rule 7.1 (b) appearing on Lines 187-191 of Page 18 is amended to read as follows:

(b)   In addition, a judicial officer may issue a warrant for the arrest of a person if, from affidavit, recorded testimony, or other information, it appears there is reasonable cause to believe an offense has been committed and the person committed it. If the offense is a misdemeanor a summons should issue unless:

### IV

Rule 7.3 (a) appearing on Lines 232-233 of Page 19 is amended to read as follows:

(a)   ·The law enforcement officer executing a warrant shall make return thereof to the court before which the accused is brought, and notice thereof shall be given to the prosecuting attorney.

### V

Rule 9.2 appearing on Pages 22 and 23 is amended by adding the following subsection:

(e)   An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon remand. If the defendant is required to appear before a court other than the one ordering release, the order of release together with the appearance bond and any security or deposit shall be transmitted to the court before which the defendant is required to appear. This subsection shall not be construed to prevent a judicial officer from:

(i)   decreasing the amount of bond, security or deposit required by another judicial officer; or

(ii)  upon making written findings that factors exist increasing the risk of willful nonappearance, increasing the amount of bond, security, or deposit required by another judicial officer.

Upon an increase in the amount of bond or security, a surety may surrender a defendant.

### VI

Rule 11.2 (b) appearing on Lines 50-52 on Page 33 is hereby amended to read as follows:

(b)   search of a vehicle, by the person registered as its owner or in apparent control of its operation or contents at the time consent is given; and

## VII

Rule 13.1 (b) and (c), appearing on Lines 154-167 on Page 4 is amended to read as follows:

(b)   The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.

(c)   Before acting on the application, the judicial officer may examine on oath the affiants or witnesses, and the applicant and any witnesses he may produce, and may himself call such witnesses as he deems necessary to a decision. He shall make and keep a fair written summary of the proceedings and the testimony taken before him, except that if sworn testimony alone is offered in support of the application, such testimony shall be recorded pursuant to subsection (b) hereof.

## VIII

Rule 16.2 (d) appearing on Lines 477-481 on Page 45 is amended to read as follows:

(d)   An order granting a motion to suppress prior to trial shall be reviewable on appeal pursuant to Rule 36.10.

## IX

Rule 17.1 (a) (vi) appearing on Lines 22-24 on Page 47 is amended to read as follows:

(vi)   any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information.

## X

Rule 17.5 (a) appearing on Lines 88-91 of Page 54 is amended to read

as follows:

> (a)  WORK PRODUCT.  Except as provided in Rule 17.1 (a) (i) and (iv), disclosure shall not be required of research or of records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the prosecuting attorney or members of his staff or other state agents.

## XI

Rule 19.1 appearing on Lines 139-144 of Page 55 is amended to read as follows:

> Subject to the provisions of Rules 17.5 and 19.4, neither the prosecuting attorney, the defense counsel, nor members of their staffs shall advise persons other than the defendant having relevant material or information to refrain from discussing the case with opposing counsel or from showing opposing counsel any relevant material.

## XII

Rule 19.7 (b) appearing on Lines 187-189 of Page 57 is amended to read as follows:

> (b)  Willful violation by counsel or a defendant of an applicable discovery rule or an order issued pursuant thereto may subject counsel or a defendant to appropriate sanctions by the court.

## XIII

Rule 32.1 appearing on Lines 31-34 of Page 82 is amended to read as follows:

> The circuit court shall require members of petit jury panels to complete written questionnaires setting forth the following information:
>
>   (i)    age;
>   (ii)   marital status;
>   (iii)  extent of education;
>   (iv)   occupation of juror and spouse; and
>   (v)    prior jury service.
>
> Upon request, such questionnaires shall be made available by the clerk of the court to the defendant or his counsel and the prosecuting attorney. Upon a showing of good cause, additional information may be furnished regarding jurors by order of the court.

## XIV

Rule 36.10 appearing on Lines 102-106 of Page 90 and Lines 107-116 of Page 91 is amended to read as follows:

(a)  Where an interlocutory appeal is desired on behalf of the state following a pretrial order in a felony prosecution, the prosecuting attorney shall file, within ten (10) days after the entering of the order, a notice of appeal together with a certificate that the appeal is not taken for purposes of delay and that the order substantially prejudices the prosecution of the case. Further proceedings in the trial court shall be stayed pending determination of the appeal.

(b)  Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

(c)  When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

BYRD, J., dissents.

ROY, J., not participating.

CONLEY BYRD, Justice, dissenting. I object to the adoption of the Rules of Criminal Procedure by this Court for the following reasons.

1.  Many of the Rules affect matters of public policy about which teachers, farmers, business men, preachers and church deacons are as qualified to act as are members of this Court. One example is Rule 3.5, which provides:

"Whenever a law enforcement officer has

reasonable cause to believe that any person found at or near the scene of a felony is a witness to the offense, he may stop that person. After having identified himself, the officer must advise the person of the purpose of the stopping and may then demand of him his name, address, and any information he may have regarding the offense. Such detention shall in all cases be reasonable and shall not exceed fifteen (15) minutes *unless the person shall refuse to give such information, in which case the person, if detained further, shall immediately be brought before any judicial officer or prosecuting attorney to be examined with reference to his name, address, or the information he may have regarding the offense.*"

The present law on this subject is set out in Ark. Stat. Ann. § 43-432 (Supp. 1973), as follows:

"Whenever a law enforcement officer has reasonable cause to believe that any person found at or near the scene of a felony is a material witness to the felony, he may stop that person and after having identified himself he must advise the person of the purpose of the stopping and may then demand of him his name, address, and any information he may have regarding the felony. Said detention shall in all cases be reasonable and in no event shall such detention be in excess of fifteen (15) minutes."

Now, obviously, the present law provides a method for examining witnesses under oath, but that harsh remedy is left to the discretion of the prosecuting attorney, an elected official, Ark. Stat. Ann. § 43-801 (Repl. 1964). Under Rule 3.5, *supra,* the determination of whether a witness has any information regarding a felony and whether such information is necessary for prosecution is left solely to the discretion of a policeman. It looks to me that one does not have to be a lawyer, much less a judge, to know whether such discretion should be vested in just any policeman. In fact, it's a matter about which ordinary people are just as capable as I in making such a decision involving their own personal liberties.

Another example of matters involving public policy is

Rule 28. Our present law on the subject came to us from the Revised Statutes, Ch. 45, § 169, as compiled in 1838, now codified as Ark. Stat. Ann. § 43-1708 (Repl. 1964), which provides:

> "If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

Rule 28.1 this day adopted is not nearly as definite as to the time. That Rule provides:

> "(a)   Any defendant charged with an offense in circuit court and committed to a jail or prison in this state shall be brought to trial before the end of the second full term of the court, but not to exceed nine (9) months, from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3."

Rule 28.3 excludes periods of delay resulting from congestion of the trial docket, from continuances granted the prosecuting attorney and from "Other periods of delay for good cause."

As can be seen from the foregoing, the present law on speedy trials contains a definite time limitation that can be calculated by any normal citizen; whereas, Rules 28.1, together with the excluded periods in Rule 28.3, virtually leaves the matter of speedy trials up to the discretion of the trial court — it certainly is not a matter that any ordinary citizen can determine from an inspection of the files in the courthouse. (I don't know what happens to a person held in jail without any charge being made in the circuit court.)

In my opinion, the foregoing Rules (and others too numerous and lengthy to mention) involve matters of public policy, and when this Court uses its "Rule making power" to enact the same in statutory form, it is unlawfully legislating on such matters in contravention of the separation of powers doctrine in Article 4 of the Constitution of Arkansas.

2. In so far as this Court by these Rules attempts to supersede or set aside the laws of this State, its conduct is strictly prohibited by Art. 2, § 12 of the Constitution of Arkansas which provides:

> "No power of suspending or setting aside the law or laws of the State shall ever be exercised except by the General Assembly."

3. The people of this State have historically called upon their legislators individually and lobbied with them publicly to make their wishes known in matters involving public policy. On the other hand the citizens of this State, in general, have frowned upon the personal and political pressuring of the individual members of the judiciary in matters before this Court. Yet, if this Court insists on projecting itself into matters involving public policy, in statutory form, I can see no reason why the individual citizen should not apply the same personal contact and political pressure to the members of this Court that in the past have been applied to members of the legislative department.

Consequently, I suggest that we should stick to the adjudication of controversies in our appellate capacity and leave legislating to the Legislative Branch of our government.

4. Probably my most basic objection to the majority's construction of its rights and duties under Act 470 of 1971 and its "general superintending control" under Art. 7, § 4 of the Arkansas Constitution is the fear that it leaves this Court in a constantly ready position to enact laws in statutory form without notice and without the shackles of the Initiative and Referendum Amendment. Consequently, with that ability, there need no longer be any worry about whether this Court is messing up the law when it gives an ex post facto type interpretation to a procedural rule, because it can set the rules right the next day with a better and clearer rule.

For the reasons stated, I would deny the petition to adopt these Rules and would suggest that they be referred to the General Assembly for its consideration.