Jimmy MILLER, Agent for
MIDLAND INS. CO. *v.* STATE of Arkansas

77-62                                     555 S.W. 2d 563

Opinion delivered September 26, 1977
(In Banc)

224

*McArthur & Johnson, P.A.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant entered into an appearance bond agreement for Willie Earl Knighten's appearance in municipal court where he was a defendant on a felony charge. He appeared there and after a hearing was certified to the circuit court where an information was filed on the charge. A new bond was not made. There the defendant failed to appear on plea and arraignment date, although notified and ordered to do so. The circuit court then ordered appellant, as surety, to show cause why the bond should not be forfeited. Subsequently, appellant was ordered to pay the bond based upon the court's interpretation of Rules of Crim.

Proc., Rule 9.2 (e) (1976), which requires that an appearance bond "shall serve to guarantee all subsequent appearances of a defendant on the same charge . . . . before any court, including appearances relating to appeals and upon remand." From that order appellant brings this appeal.

Ark. Stat. Ann. § 22-242 (Supp. 1975) (Act 470 of 1971) provides that the Supreme Court "shall have the power to prescribe . . . . rules of . . . . procedure with respect to any or all proceedings in criminal cases . . . . in all the inferior courts of law in this state." Rule 9.2 (e) was adopted pursuant to this statute. Appellant asserts that § 22-242 is an unconstitutional delegation of legislative rule making power in violation of the doctrine of separation of powers as enumerated in Art. 4, §§ 1 and 2, Ark. Const. (1874) and, further, was enacted outside the authority of the enabling act. Historically, appellant says, bail bond procedures have been a legislative function. In *Sibbach v. Wilson,* 312 U.S. 1 (1924), the court held that the legislature's power to regulate practice and procedure may be exercised by granting courts the authority to establish rules not inconsistent with other statutes or the United States Constitution. Therefore, here the legislature's delegation of power, if necessary, to prescribe rules of criminal procedure was not unconstitutional nor outside the enabling act, provided the rule in question is truly procedural which appellant claims it is not. Appellant insists the rule relates to substantive law. In *Roberts v. Love,* 231 Ark. 886, 333 S.W. 2d 897 (1960), we said:

> . . . [A]s relating to criminal law, substantive law is defined as 'that which declares what acts are crimes and prescribes punishment therefor.' Procedural law is 'that which provides or regulates the steps by which one who violates a criminal statute is punished.' Substantive law . . . 'creates, defines, and regulates rights, as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion.'

As was stated in *Sibbach, supra,* "[t]he test must be whether a rule really regulates procedure, — the judicial process for enforcing rights and duties recognized by substantive law and

for justly administering remedy and redress for disregard or infraction of them." The bail provisions of Rule 9.2 (e) merely provide the process or procedure by which a defendant, as here, may obtain pre-trial release on a charge arising out of his alleged violation of substantive law.

Further, *In re Ark. Criminal Code Revision Com'n, ex parte,* 259 Ark. 863, 530 S.W. 2d 672 (1975), in approving the Rules of Crim. Proc., including 9.2 (e), we said that the rules were adopted "[p]ursuant to Act 470 of 1971 and in harmony with the Court's constitutional superintending control over all trial courts. . . . " Consequently, we implicitly rejected the argument advanced here that we had no inherent rule making authority absent an enabling statute. The enabling act here merely recognizes and is harmonious with this court's inherent powers rather than conferring an express power. See also *State* v. *Gibson Circuit Court,* 157 N.E. 2d 475 (Ind. 1959); *State* v. *Roy,* 60 P. 2d 646 (N.M. 1936); *In re Constitutionality of Section 251.18, Wis. Statutes,* 236 N.W. 717 (Wis. 1931); *State* v. *Superior Court for King County et al,* 267 P. 770 (Wash. 1928).

Appellant next argues that the appearance bond only assured the defendant's presence in the municipal court and that, absent a clear extension of the contract liability to the circuit court in the agreement, his surety obligation cannot be extended past the terms of the contract. Appellant asserts that Rule 9.2 (e), which provides that an appearance bond shall guarantee all subsequent appearances of a defendant in any court, should not be read into the bond to extend liability beyond the plain import of the contractual agreement which, here, was limited to assuring the defendant's presence in the municipal court.

In support of his contention, appellant cites *Trimount Dredging Co.* v. *U.S. Fidelity & Guaranty Co.,* 166 Md. 556, 171 A. 700 (1934); and *Commonwealth* v. *Stryker, Inc.,* 109 Pa. Sup. 137, 167 A. 459 (1933), wherein it was held that the bond obligation could not be extended past the plain import of the contractual agreement and state statutes pertaining to contractor's bonds could not be read into the bond. However, as the court in *Commonwealth* recognized, other jurisdictions hold different views.

Here we are dealing with a bond which was required by law as a condition for the pre-trial release of a criminal defendant. In Arkansas "[i]t is familiar law that when a bond is required by statute and issued pursuant thereto, the bond will be construed as if the terms of the statute had been written into the contract." *Empire Life* v. *Armorel Planting Co.,* 247 Ark. 994, 449 S.W. 2d 200 (1970). See also *Fort Smith Structural Steel Co.* v. *Western Surety Co.,* 247 F. Supp. 674 (1965); and *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549, 134 S.W. 951 (1911). It is well settled law that in determining the extent of liability on a statutory bond, if there is any conflict between the statute and the bond, the language of the statute is controlling. *Carter* v. *St. Paul Fire & Marine Ins. Co.,* 283 F. Supp. 384 (1968); and *Detroit Fed. & Surety Co.* v. *Yafee Iron & Metal Co., Inc.,* 184 Ark. 1095, 44 S.W. 2d 1085 (1932). In *Rodriquez* v. *People,* 554 P. 2d 291 (Colo. 1976), the court stated: "[S]tatutes relating to bail . . . . implicitly constitute a part of the surety contract." 8 Am. Jur. 2d, Bail and Recognizance § 96 reads: "[T]he sureties on a bail bond cannot change or lessen a liability fixed by statute."

Here the appearance bond was issued pursuant to § 22-242 and Rule 9.2 (e). The latter states that the appearance bond "shall serve to guarantee all subsequent appearances of a defendant on the same charge. . . . before any court. . . . " Reading the applicable rule into the bail bond agreement here, the bond would apply to appellant's appearance before the circuit court as well as his appearance before the municipal court.

Affirmed.

BYRD, J., dissents for the reasons set forth *In re Ark. Criminal Code Revision Com'n, ex parte,* 259 Ark. 863, 530 S.W. 2d 672 (1975) at p. 871, et seq.