118

John Charles ZOLLER *v.* STATE of Arkansas

CR 83-104                                         680 S.W.2d 87

Supreme Court of Arkansas
Opinion delivered November 26, 1984

*John Wesley Hall, Jr.*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Michael E. Wheeler*, Asst. Att'y Gen., for respondent.

DARRELL HICKMAN, Justice. A writ of certiorari is granted in this case to correct a mistake of law by the trial court. The appellant, John Charles Zoller, originally entered a plea of *nolo contendere* to a charge of possession of a controlled substance.[1] He later sought to withdraw that plea and enter a plea of not guilty. The trial court refused the request and sentenced Zoller to imprisonment for ten years with five years suspended and a $20,000 fine. Zoller surrendered himself to the Department of Corrections to serve his sentence. At the same time he appealed to us the denial of his motion to withdraw his original plea. In *Zoller v. State,* 282 Ark. 380, 669 S.W.2d 434 (1984), we reversed the trial court's decision.

On remand Zoller entered a plea of not guilty. The state requested a new bond arguing that the original appearance bond for $150,000 had been discharged by operation of law, because our opinion in *Zoller v. State, supra,* simply said the matter was "reversed" and not "reversed and remanded." The law is clear that an appearance bond once approved remains in effect through appeal, and this includes any appearances on remand. This is stated in A.R.Cr.P. rule 9.2 (e), which reads:

> An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and remand. If the defendant is required to appear before a court other than the one ordering release, the order of release together with the appearance bond and any security or deposit shall be transmitted to the court before which the defendant is required to appear.

While our opinion simply stated the matter was "reversed," the mandate we issued stated the matter was "reversed and

---

[1] The state alleged that Zoller piloted an airplane loaded with 1,800 pounds of marijuana and six gallons of hashish oil.

remanded." In *Ferguson* v. *Green,* 266 Ark. 556, 587 S.W.2d 18 (1979), we said:

> Where a judgment (or decree) is reversed for error in the proceedings in the court below and remanded for proceedings according to law and not inconsistent with the opinion of the court, it is always understood that the proceedings in the court below, prior to the fault or error which is ascertained by this court to exist, are in no wise reversed or vacated by the adjudication of the appellate court, but the fault or error adjudicated is the point from which the cause is to progress anew. *Nelson* v. *Hubbard,* 13 Ark. 253 (1853).

The trial court gave no reason why Zoller should not have been allowed to remain free on the original appearance bond except that our opinion used only the word "reversed." Assuming that premise, the original bond was still valid. Any statutes or rules which relate to a bail bond are implicity read into the bail bond contract. *Miller* v. *State,* 262 Ark. 223, 555 S.W.2d 563 (1977). We have held "that when a bond is required by statute, the bond will be construed as if the terms of the statute had been written into the contract." *Empire Life* v. *Armorel Planting,* 247 Ark. 994, 449 S.W.2d 200 (1970). When a bail bondsman executes a bail bond, he does so with knowledge of and pusuant to the statutes and rules regulating bail bonds.

Since the matter was clearly remanded for a new trial, the trial court erred in requiring a new bond. This in no way implies that a new bond cannot be required or that a bond cannot be raised in an appropriate situation. A.R.Cr.P. Rule 9.2 (e) (ii); *Perry* v. *State,* 275 Ark. 170, 628 S.W.2d 304 (1982). Furthermore, our decision is limited to the narrow issue presented, which concerns this one pretrial decision.

Writ granted.