Charles Berry GARRETT, et ux *v.* STATE of Arkansas

87-349                                    744 S.W.2d 731

Supreme Court of Arkansas
Opinion delivered February 22, 1988

*Lynn H. Ball*, and *Dale Varner*, for appellants.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In 1981 Howard Dennis Garrett was charged with first degree battery of Diane Burr, a class B felony. His father, Charles Garrett, posted a $50,000 appearance bond to obtain Dennis Garrett's release pending trial. The bond was secured by a mortgage from Charles and Ruth Garrett on 2¼ acres of land in Benton County.

In 1982 Dennis Garrett was tried, convicted and sentenced to ten years in the Department of Correction. Garrett remained on the same bond pending appeal. The judgment of conviction was reversed and the case remanded for a new trial. Garrett was again convicted, sentenced to ten years and fined $10,000. Garrett appealed a second time and remained free on the same bond. This time the judgment was affirmed and the mandate of this court ordered Garrett to surrender to the Sheriff of Benton County. Garrett failed to surrender and has not been located.

A bond forfeiture was sought and Charles and Ruth Garrett were ordered by the circuit court to show cause why the bond should not be forfeited. Following a hearing, an order of forfeiture was entered awarding judgment to Benton County against Charles and Ruth Garrett in the amount of $50,000 and ordering the sale of the property in satisfaction of the judgment.[1] The Garretts have appealed.

Two points for reversal are argued on appeal. First, under the language of the judgment the bond expired upon the happening of one of two conditions: 1) The filing of an appeal or 2) the expiration of thirty days. Second, the bond was exonerated as a matter of law when Garrett appeared for trial following the reversal of his first conviction. We find no merit in either contention and, therefore, the order appealed from is affirmed.

The Garretts argue the bond is no longer in effect because the judgment itself recited that it was to expire upon the filing of notice of appeal or upon the expiration of thirty days. They point to this language, which appears in both judgments: "The defendant is continued on present bond pending appeal. Notice of appeal must be filed within thirty days." They maintain

---

[1] The order left open the possibility of a remittitur of any difference in the amount of the bond versus the expenses incurred in bringing Garrett to custody.

that under that wording the bond was to expire when notice of appeal was filed, or at the end of thirty days. We reject that interpretation. The sentence involving notice of appeal has no bearing on the appeal bond, it was simply a gratuitous reminder that the defendant has thirty days in which to appeal. The remaining sentence, that the present bond will continue in effect "pending appeal," is familiar usage and identical language appears in A.R.Cr.P. Rule 36.5, 36.6 and 36.7. It means the bond will remain in effect until the appeal *is completed*. Under the Garretts' interpretation the language must be read as meaning until the appeal *commences*. That would lead to absurd results.

The Garretts cite us to *Perry* v. *State*, 275 Ark. 170, 628 S.W.2d 304 (1982) and *Liberty Bonding Company* v. *State*, 270 Ark. 434, 604 S.W.2d 956 (1980). Neither decision governs this case. In *Perry*, the defendant was free prior to trial on a $10,000 bond set by a municipal judge. After conviction by a jury of first degree murder and second degree battery with sentences of forty years and six years and a $10,000 fine, the circuit court increased the bond on appeal to $50,000. Perry sought a writ of certiorari from this court on the premise that the trial court was without power to increase the bond on appeal without written findings. We rejected the argument, pointing out the distinction between a pretrial release bond under A.R.Cr.P. Rule 9.2 and an appeal bond under A.R.Cr.P. Rules 36.5, 36.6, and 36.7. We said that even if a pretrial release bond continues pending appeal that does not make it an appeal bond as governed by A.R.Cr.P. Rules 36.5, 36.6 and 36.7. Under A.R.Cr.P. Rule 36, after conviction, the trial court has the power to deny a bond entirely, depending on its determination of the risks involved in the defendant's remaining free during the appeal process. A.R.Cr.P. Rule 36.5. Here, the trial court left the pretrial bond in effect pending appeal though it was within its discretion to increase it.

The Liberty Bonding case represents an altogether different situation from the case at bar. Liberty had posted a $20,000 appeal bond for Larry Cureton in case No. CR 75-110. Later Liberty posted a $15,000 appearance bond on different charges, case No. CR 79-283. The defendant entered into a plea agreement for a guilty plea on both charges. He appeared for sentencing on CR 79-283 on August 24 and was sentenced to three nine year sentences. As he was scheduled to be sentenced

some three weeks later in case CR 75-110, the trial court agreed for him to remain free until sentencing on the remaining charge upon the representation of defense counsel that Liberty had agreed to that arrangement. The defendant failed to appear for sentencing and both bonds were forfeited by the trial court. On appeal, we held the bond in CR 75-110 was properly forfeited, but not in CR 79-283, as there was no proof that Liberty had agreed for Cureton to remain free after sentencing nor any proof that it had authorized defense counsel to speak for it. We find no fault with that decision on those facts. The holding is that when sentence is imposed upon a plea of guilty, the defendant cannot remain at liberty without the agreement of the bondsman.

■ The Garretts argue that their permission was never given to continue the bond on appeal and they never realized they could be putting their property at risk for an indefinite period under the bond. We note, however, that the order forfeiting the bond contains an express finding that after both convictions the defendant was "continued on the same bond in the presence and with the consent of the bondsmen, Charles Berry Garrett and Ruth Garrett, pending his appeal." The Garretts do not challenge that finding except to argue that Garrett's limited education and experience in such matters should not permit his silence to operate to his detriment. However, by withholding objection the Garretts permitted their son to remain at liberty pending appeal and they may not repudiate their action after he has defaulted in his commitment to appear.

■ Secondly, the Garretts argue that the bond should have been exonerated as a matter of law when Dennis Garrett appeared for trial after the first conviction was reversed on appeal. They cite A.R.Cr.P. Rule 36.7(a). The rule provides that when a defendant is released pending appeal, a condition of such release shall be that if the case is affirmed, or reversed but remanded for a new trial, the defendant will surrender to the sheriff. But the rule does not say that when either of those eventualities occurs the original bond must be discharged and a new bond substituted. We are aware of no such requirement. To the contrary, in *Zoller* v. *State*, 284 Ark. 118, 680 S.W.2d 87 (1984), we recognized that under A.R.Cr.P. Rule 9.2(e) a bond, once approved, remains in effect throughout the appeal, including appearances on remand. Nothing in Rule 36.7 suggests that a

bond automatically terminates on remand. Moreover, as we have noted, the finding of the trial judge, who presided at every stage of these proceedings, reciting that the Garretts were present and consented to the continuation of this bond following both trials removes any force from the argument.

■ Language in *Zoller* to the effect that a bail bondsman executes a bail bond "with knowledge of and pursuant to the statutes and rules regulating bail bonds," prompts the Garretts to argue that a distinction should be drawn between private individuals and professional bondsmen. They cite no authority for that position and we cannot say the argument is convincing on its face. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I agree with that part of the majority opinion which states: "[A] bond, once approved, remains in effect throughout the appeal, including appearances on remand." Arkansas Rules of Criminal Procedure Rule 9.2(e) states: "An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon remand." There is a superficial conflict between this rule and A.R.Cr.P. Rule 36.4 which states: "At the time sentence is pronounced and judgment entered, the trial judge must advise the defendant of his right to appeal, the period of time prescribed for perfecting the appeal, and either fix or deny bond." I believe that the only plausible interpretation is that the latter rule applies only to cases where bond has not yet been fixed or where the bond, by its terms, expires when the accused appears for trial.

The majority attempts to reconcile our cases relating to appeal bonds. They cannot be reconciled. Our holdings are in conflict because the rules are superficially in conflict.

The part of Rule 36.4 quoted above does not conflict with Rule 9.2(e), if this language in Rule 36.4 is interpreted to apply only when a bond has not previously been set. Clearly Rule 9.2(e)

intends that one bond continue all the way through the appellate process, including remand. I believe that to be the holding in the present case. For that reason I concur and trust we will follow this decision in the future.

I would also like to point out that the bond forfeiture is not automatically in the amount of $50,000.00. The amount of the bond forfeiture to which the county is entitled is the cost of returning the appellant to the jurisdiction of the county.