BOB COLE BAIL BONDS, INC. *v.* STATE of Arkansas

CA CR 06-1371                                     260 S.W.3d 754

Court of Appeals of Arkansas
Opinion delivered August 29, 2007

[Rehearing denied October 3, 2007.]

*J. Marvin Honeycutt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virgina Wallace*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Appellant Bob Cole Bail Bonds, Inc., appeals from an order of forfeiture of the Franklin County Circuit Court, concerning an appearance bond for Corey S. Turner. We affirm the circuit court's order.

On December 30, 2004, appellant filed a bail bond in the amount of $80,000 to secure the appearance of criminal defendant Corey S. Turner in the Circuit Court of Franklin County, Ozark District. On April 29, 2005, Turner entered a conditional plea to drug charges under Rule 24.3 of the Arkansas Rules of Criminal Procedure, reserving his right to appeal the order denying his motion to suppress. At the conditional-plea hearing, Turner's lawyer told the court that the bondsman had agreed to stay on Turner's bond. The court responded that, because an appeal bond is considered under law to be a separate bond, a new bond order probably needed to be entered. The court told Turner's counsel that it needed "something in writing from the bonding company to confirm that they intend to go forward on your bond." Defense counsel said it would "get that done." No new order or bond was ever entered.

Turner's conviction was affirmed by this court on February 22, 2006, and our mandate, issued on March 16, 2006, ordered Turner to surrender immediately to the Sheriff of Franklin County. When Turner did not surrender, a bench warrant for his arrest was issued on March 28, 2006. That same day, the prosecutor notified appellant that it had until July 7, 2006, to arrest and surrender Turner or to have a representative appear for a show-cause hearing. On June 9, 2006, appellant filed a motion to dismiss it from showing cause, alleging that the bond was for the Franklin County Circuit Court proceedings only, that it never agreed to remain as guarantor on the bond beyond the plea and sentencing, and that it was released from liability. After a hearing on August 1, 2006, the circuit court denied the motion to dismiss and entered an order of forfeiture on August 28, 2006. Appellant filed this appeal from that order.

Appellant argues that its obligation was terminated after Turner's plea and when the circuit court ordered that a new bond should be executed. Because appellant neither executed and filed a

new appeal bond nor indicated in writing to the court that it would remain on its original bond, appellant argues that it was released from liability when Turner entered his conditional plea. In support of its position, appellant cites the Arkansas Supreme Court decisions in *Liberty Bonding Co. v. State*, 270 Ark. 434, 604 S.W.2d 956 (1980), and *Zoller v. State*, 284 Ark. 118, 680 S.W.2d 87 (1984).

Pursuant to Rule 9.2 of the Arkansas Rules of Criminal Procedure, an "appearance bond . . . shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon remand." Ark. R. Crim. P. 9.2(e). In *Liberty Bonding Co.* the defendant entered a plea of guilty and was sentenced but, pursuant to the plea agreement, was allowed to remain free on bond for three weeks before surrendering. The trial court stated that this could not be done if the bondsman did not agree, and the defense attorney said that the bondsman had agreed. *Liberty Bonding Co.*, 270 Ark. at 437–38, 604 S.W.2d at 956. When the defendant failed to surrender, the trial court entered an order of forfeiture on the bond. The supreme court reversed, holding that the trial court had no authority under Ark. R. Crim. P. 9.2(e) to continue the bond beyond the time defendant was sentenced without the consent of the bondsman. *Liberty Bonding Co.*, 270 Ark. at 440, 604 S.W.2d at 958. Appellant contends that, because it did not consent to be obligated after Turner entered his plea and was sentenced, *Liberty* dictates that its bond could not be forfeited.

We do not agree with appellant that *Liberty* supports its argument in this case. After stating that Rule 9.2(e) provides that an appearance bond shall guarantee all subsequent appearances of a defendant, including appearances relating to appeals, the supreme court specifically stated in *Liberty* that the possibility of appeal had no bearing on that case because there was no appeal from a guilty plea. *Id.* After defendant's guilty plea in *Liberty* there were no "subsequent appearances" for the bondsman to guarantee; the case was over. Conversely, in this case Turner's plea was specifically conditioned on his right to appeal the denial of his motion to suppress. Turner's case was not over when he entered a conditional plea. Rule 9.2(e) clearly provides that appellant's appearance bond guarantees "all subsequent appearances of a defendant . . . including appearances relating to appeals and upon remand." Ark. R. Crim. P. 9.2(e); *see also Miller v. State*, 262 Ark. 223, 555 S.W.2d

563 (1977) (holding that a bail bond will be construed as if Rule 9.2(e) had been written into the bond agreement).

In *Zoller* the supreme court had previously reversed and remanded an appeal on the trial court's denial of defendant's motion to withdraw his original plea of nolo contendere. On remand from the supreme court, defendant entered a plea of not guilty, and the trial court entered an order requiring a new appearance bond. On a petition for writ of certiorari, the supreme court held that the trial court erred in requiring defendant to post a new bond, stating that "the law is clear that an appearance bond once approved remains in effect through appeal, and this includes any appearances on remand." *Zoller*, 284 Ark. at 119, 680 S.W.2d at 88. The court noted, however, that while a new bond was not required and the trial court erred in so finding, "[t]his in no way implies that a new bond cannot be required or that a bond cannot be raised in an appropriate situation." It is this language that appellant relies upon from *Zoller*, arguing that the circuit court in this case did require a new bond and, therefore, that appellant was no longer obligated under the original appearance bond after the conditional-plea hearing.

■ The court in *Zoller* also stated that any statutes or rules that relate to a bail bond are implicitly read into the bail-bond contract. *Zoller*, 284 Ark. at 120, 680 S.W.2d at 89 (citing *Miller v. State*, 262 Ark. 223, 555 S.W.2d 563 (1977)). Further, the court also stated that, when a bail bondsman executes a bond, "he does so with knowledge of and pursuant to the statutes and rules regulating bail bonds." *Id*. While the trial court in this case stated at the conditional-plea hearing that it "need[ed] something in writing from the bonding company to confirm that they intend to go forward on your bond," the law required no such writing. Just as the trial court in *Zoller* erred in finding that a new bond was required upon remand, here the circuit court was in error when it stated that a written confirmation was necessary for the bond to continue. It was not. Under Arkansas law, appellant's appearance bond remained in effect through Turner's appeal. *See Zoller*, 284 Ark. at 119, 680 S.W.2d at 88, and Ark. R. Crim. P. 9.2(e).

For the foregoing reasons, we affirm the circuit court's order of forfeiture.

MARSHALL and HEFFLEY, JJ., agree.